EX PARTE IN THE MATTER OF LEAF TO-
BACCO BOARD OF TRADE OF THE CITY OF
NEW YORK, PETITIONER.

APPLICATION FOR LEAVE TO FILE PETITION.

Original.   Motion for leave to file petition.   Submitted December 4,
1911.—Decided December 11, 1911.

One who is not a party to the record and judgment is not entitled to
appeal therefrom.
The action of the lower court in refusing to permit the movers to be-
come parties to the record in this case is not susceptible of being
reviewed by this court on appeal; or indirectly, under the circum-
stances of this case, by mandamus.
The merely general nature and character of the petitioners' interest in
this proceeding is not such as to authorize them to assail the action
of the court below.   This is the more obvious as the act of the court
which is assailed has been accepted by the parties to the record.

THE petitioner states in its petition that it is a corpo-
ration of the State of New York and "is composed of
more than seventy-five business concerns engaged in the
business of selling leaf-tobacco to manufacturers of to-
bacco products.   That the said concerns are vitally in-

terested, both directly on their own account and indirectly on the account of the customers to whom they sell and offer to sell leaf tobacco, in the proper determination by the Circuit Court of the United States for the Southern District of New York of the matter of the dissolution and disintegration of the Combination found by this Honorable Court to exist among the American Tobacco Company and the other defendants in the cause entitled, 'United States of America vs. American Tobacco Company,' which cause, upon appeal from the said Circuit Court, was decided by this Honorable Court on May 29, 1911," and reported at 221 U. S. 106. It also states that in pursuance of such decision the said cause was remanded to the said Circuit Court with directions to enter a decree in conformity therewith and to take such further steps as may be necessary to fully carry out the directions therein, and "that the decree entered in this cause by the Circuit Court is not in compliance with the mandate of this court."

The petitioner prayed that leave be granted to file with this court a petition praying for the following relief:

1. That a writ of mandamus issue to the judges of the said Circuit Court of the United States for the Southern District of New York, directing them to vacate and set aside the said decree, and to enter a decree in conformity with the opinion and mandate of this court.

2. That a writ of prohibition issue directed to the said judges, prohibiting them from proceeding to put the said decree into effect and from granting the further and supplemental remedies and relief therein provided for.

3. That a writ of certiorari issue requiring the said judges to return and certify to this court all the proceedings had before them in the said cause since the filing of the mandate of this court in the court below, with all documents and evidence on which they may have acted in determining the form of their said decree.

4. That a writ of mandamus issue requiring the said

judges to permit your petitioner to intervene in said cause, and to be joined as a party thereto, with the right to appeal from said decree or otherwise proceed in said cause as such party.

5. That pending the hearing and decision of said petition and of the return thereto, all proceedings by the defendants or any of them looking to the execution of the plan of dissolution described in said decree, be stayed.

*Mr. Felix H. Levy* and *Mr. Benjamin N. Cardozo* for petitioner:

If the decree of the Circuit Court fails to give effect to the mandate of this court, the wrong is one that may properly be redressed at the instance of this petitioner. *Matter of Eastern Cherokees,* 220 U. S. 83.

Where a public duty exists, a citizen has such an interest in its performance as entitles him to the protection of the writ of mandamus. In such cases it matters not that he be not a party to the record. *Union Pacific R. R. Co.* v. *Hall,* 91 U. S. 343, 354; 26 Cyc. 401; *Attorney-General* v. *Boston,* 123 Massachusetts, 460; *Mayor &c. of London* v. *Cox,* L. R. 2 H. L. 239, 278; *Chambers* v. *Green,* L. R. 20 Eq. Cas. (1875), 552, 554.

If the decree be repugnant to the mandate, mandamus is the appropriate remedy. *Matter of Eastern Cherokees,* 220 U. S. 83; *In re Potts,* 166 U. S. 263; *In re City Bank,* 153 U. S. 246; *Stewart* v. *Salomon,* 97 U. S. 361; *Tyler* v. *Magwire,* 17 Wall. 253, 282.

*In re Sandford Fork & Tool Co.,* 160 U. S. 247, is not applicable here so as to defeat the right to mandamus.

If the writ of mandamus be refused, the petitioner and the public are without a remedy. There can be no appeal, because the petitioner was not a party to the suit, and the Circuit Court denied a motion for leave to intervene. See *Virginia* v. *Rives,* 100 U. S. 313, 323.

The decree is repugnant to the mandate, and perpetu-

ates a monopoly which this court declared should be destroyed.

The decisions in the *Northern Securities Case* and the *Standard Oil Case* are inapplicable here.

The court has power to impose any terms that it thinks just upon the defendants, as a condition of securing exemption from the appointment of a receiver and the issuance of an injunction against interstate traffic.

If the petitioner is not entitled to the writs prayed for as a matter of right, it is at least entitled as a friend of the court to bring the variance between the decree and the mandate to the court's notice; and the court has power of its own motion to remedy the wrong. *Stewart v. Salomon*, 97 U. S. 361; *Ladd v. Stevenson*, 112 N. Y. 325, 332; 23 Cyc. 948.

PER CURIAM: Leave to file petition denied.

1. One who is not a party to a record and judgment is not entitled to appeal therefrom. *Bayard v. Lombard*, 9 How. 530; *Indiana v. Liverpool, London & Globe Ins. Co.*, 109 U. S. 168; *Ex parte Cockroft*, 104 U. S. 578.

2. The action of the court below in refusing to permit the movers to become parties to the record is not susceptible of being reviewed by this court on appeal, or indirectly, under the circumstances here disclosed, by the writ of mandamus. *In re Cutting*, 94 U. S. 15, and see *Credits Commutation Co. v. United States*, 177 U. S. 311.

3. The merely general nature and character of the interest which the movers allege they have in the papers here filed is not in any event of such a character as to authorize them in this proceeding to assail the action of the court below. This is more obvious in this case since the act of the court which is assailed has been accepted by those who are parties to the record. *United States v. Union Pacific R. R. Co.*, 105 U. S. 262; *Elwell v. Fosdick*, 134 U. S. 500.