# CITY OF NEW YORK *v.* CONSOLIDATED GAS COMPANY OF NEW YORK ET AL.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 566.   Argued April 22, 1920.—Decided June 1, 1920.

A city applied to intervene in a suit brought by a gas company to enjoin state officials from enforcing a rate alleged to be confiscatory. *Held,* that the application was addressed to the discretion of the District Court, and that an order denying it was not final for purpose of appeal. P. 221.

When the Circuit Court of Appeals erroneously assumes jurisdiction of a case in which the District Court's jurisdiction is based wholly on constitutional grounds, and makes a final order, this court has

jurisdiction to correct the error upon appeal under Jud. Code, § 241. P. 221.

The proper course for this court in such cases is to reverse the order of the Circuit Court of Appeals with directions to dismiss the appeal. *Id.*

Reversed.

THE case is stated in the opinion.

Mr. *Vincent Victory*, with whom Mr. *William P. Burr* and Mr. *John P. O'Brien* were on the brief, for appellant.

Mr. *John A. Garver* for appellees.

Mr. *Wilbur W. Chambers*, Mr. *Charles D. Newton*, Attorney General of the State of New York, and Mr. *Robert S. Conklin*, Deputy Attorney General of the State of New York, filed a separate brief on behalf of Newton, appellee.

Memorandum opinion by direction of the court, by MR. JUSTICE DAY.

The Consolidated Gas Company of New York brought suit to enjoin the enforcement of the New York eighty-cent gas law. The jurisdiction was invoked solely upon the ground that the rate was confiscatory and hence violated constitutional rights of the company. The City of New York applied for leave to intervene as a party defendant in the action. The District Judge denied the petition for intervention stating that the Public Service Commission, the Attorney General and the District Attorney properly represented private consumers; that the City had no interest in the litigation as a consumer; was not the governmental body which had fixed the rate, and was not charged with the duty of enforcing it. From the order denying the application to intervene the City of New York prosecuted an appeal to the Circuit Court of

Appeals, and the latter court affirmed the order of the District Court.

The application was addressed to the discretion of the District Court, and the order appealed from was not of that final character which furnished the basis for appeal. *Ex parte Cutting*, 94 U. S. 14, 22; *Credits Commutation Co.* v. *United States*, 177 U. S. 311, 315; *Ex parte Leaf Tobacco Board of Trade*, 222 U. S. 578, 581. As the jurisdiction of the District Court was based upon constitutional grounds only, the case was not appealable to the Circuit Court of Appeals. But, an appeal having been taken and a final order made in the Circuit Court of Appeals, we have jurisdiction to review the question of jurisdiction of that court. (Judicial Code, § 241.) *Union & Planters' Bank* v. *Memphis*, 189 U. S. 71, 73.

The proper course is to reverse the judgment of the Circuit Court of Appeals, and remand the case to that court with directions to dismiss the appeal. *Four hundred and forty-three Cans of Egg Product* v. *United States*, 226 U. S. 172, 184; *Carolina Glass Company* v. *South Carolina*, 240 U. S. 305, 318.

*So ordered.*