## CITY OF NEW YORK *v.* NEW YORK TELEPHONE COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 588. Argued February 21, 23, 1923.—Decided March 12, 1923.

1. In a suit to enjoin enforcement of orders of a state commission respecting telephone rates, upon the ground that the rates are confiscatory, a city with no control over such rates but interested only indirectly as a subscriber is not a necessary party. P. 315. *In re Engelhard & Sons Co.*, 231 U. S. 646.

2. In such case, where the interests of the city were fully represented through the commission and other officials made parties, application of the city to become a party also was addressed to the District Court's discretion, and its order denying the application is not final and appealable.   P. 316.

Appeal dismissed.

APPEAL from an order of the District Court denying appellant's application to be made a party defendant in an injunction suit.

*Mr. M. Maldwin Fertig,* with whom *Mr. George P. Nicholson* and *Mr. Harry Hertzoff* were on the brief, for appellant.

The order appealed from is a final order.   *Gay* v. *Hudson River Co.,* 184 Fed. 689; *Matter of Farmers' Loan & Trust Co.,* 129 U. S. 206; *Brush Electric Co.* v. *Electric Imp. Co.,* 51 Fed. 557; *La Bourgogne,* 210 U. S. 95; *Heike* v. *United States,* 217 U. S. 423.

The order appealed from impaired a substantial right of the City and, therefore, it is a final order.   *Central Trust Co.* v. *United States Light & Heating Co.,* 233 Fed. 420; *Odell* v. *Batterman,* 223 Fed. 292; *Gas & Electric Securities Co.* v. *Manhattan & Queens Traction Co.,* 266 Fed. 625.

Abuse of discretionary power is reviewable by this Court.

*Mr. John W. Davis,* with whom *Mr. Charles T. Russell* was on the brief, for appellee.

Not only is the order appealed from not of that final character which furnishes the basis for an appeal, but the application to intervene was addressed to the discretion of the District Court; consequently, this appeal should be dismissed.   *In re Engelhard & Sons Co.,* 231 U. S. 646; *Ex Parte Leaf Tobacco Board of Trade,* 222 U. S. 578; *Credits Commutation Co.* v. *United States,* 177 U. S. 311; *Guion* v. *Liverpool Ins. Co.,* 109 U. S. 173; *Ex parte Cut-*

*ting,* 94 U. S. 14; *Farmers Bank* v. *Arizona Association,* 220 Fed. 1; *Swift* v. *Black Panther Oil Co.,* 244 Fed. 20; *Western Union Tel. Co.* v. *United States, etc., Co.,* 221 Fed. 545; *United States* v. *Philips,* 107 Fed. 824.

The fact that the City of New York is a municipality and has attempted to assume the self-appointed duty of protecting the interests of its citizens in this rate litigation, does not confer upon the appellant an absolute right to intervene; the application rests entirely within the discretion of the trial court.

Even if the order appealed from should be considered a final order, the decision of the District Court denying the appellant's motion to intervene should be affirmed.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The New York Telephone Company, the appellee herein, filed its bill in the District Court against the members of the New York Public Service Commission, the counsel of the Commission and the Attorney General of the State, asking an injunction against the enforcement of two orders of the Public Service Commission as to telephone rates, one as to rates in the City of New York and the other as to those in the State of New York, outside of the city, which it alleged to be confiscatory of its property and in violation of the Fourteenth Amendment. Thereafter the City of New York moved the court for an order making it a party defendant in the cause. This order the District Court denied. Thereafter an interlocutory injunction against the orders was granted and an appeal, No. 542, is pending here and has been argued but not decided. This is a separate appeal from the order refusing the application of the City to be made a party defendant.

Under Article 1, § 12, of the Public Service Commissions Law of the State of New York, it is made the duty of

counsel to the Commission "to represent and appear for the people of the state of New York and the commission in all actions and proceedings involving any question under this chapter, or within the jurisdiction of the commission under the railroad law, or under or in reference to any act or order of the commission, and, if directed to do so by the commission, to intervene, if possible, in any action or proceeding in which any such question is involved."

Chapter 15 of the Laws of 1922 of the State directs that:

"The attorney general shall appear for the people of the state, and take such steps as may be necessary to protect the interests of the public, in the proceeding heretofore instituted by the public service commission and entitled 'In the matter of the hearing on motion of the commission, as to rates, charges and rentals, and the regulations and practices affecting rates, charges and rentals of the New York Telephone Company.' For such purpose, he may employ special deputies, experts and other assistants, and incur such other expenses as he may find necessary, within the amount appropriated by this act."

The necessary defendant in the suit to enjoin the orders lowering rates was the Public Service Commission whose orders they were. In addition the counsel of the Commission and the Attorney General were made parties defendant under the legislation above recited. The City of New York has no control over the rates. Its only interest in them is as a subscriber, and even as such its interest in the general rates is not direct because its own rates are settled by a special contract. Under such circumstances, the City is certainly not a necessary party.

*In re Engelhard & Sons Co.,* 231 U. S. 646, an action had been brought against the City of Louisville to restrain the enforcement of an ordinance prescribing tele-

phone rates. One of the subscribers filed a petition in the District Court asking to be made a party defendant. This was denied and the petitioner sought in this Court a mandamus to compel the District Judge to grant the petition. It was pressed upon the Court that petitioner had a common interest with other subscribers in the rates under discussion and that under Equity Rule No. 38 when the question is one of common or general interest and it is impracticable to bring them all before the court, one may sue or defend for all. This Court held that the City was the proper defendant in the suit as the representative of all interested. We said:

" It is the universal practice, sustained by authority, that the only mode of judicial relief against unreasonable rates is by suit against the governmental authority which established them or is charged with the duty of enforcing them."

There is nothing in this case to show that the Public Commission will not fully and properly represent the subscribers resident in New York City. Indeed it was said at the bar that the City and the Public Commission and the Attorney General were coöperating in every way in the defense of the suit. It was completely within the discretion of the District Court to refuse to allow the City to become a defendant when its interests and those of its residents were fully represented under the law and protected by those who had been made defendants. There is nothing to show that the refusal complained of was an abuse of discretion. This same controversy arose in the case of the *City of New York* v. *Consolidated Gas Co.,* 253 U. S. 219, and the same conclusion was reached. Indeed it was there said that an order like the one here objected to was not of such a final character as to furnish the basis of an appeal, citing *Ex parte Cutting,* 94 U. S. 14, 22; *Credits Commutation Co.* v. *United States,* 177 U. S. 311, 315; *Ex parte Leaf Tobacco Board of Trade,*

222 U. S. 578, 581. These cases show that exceptional circumstances may make an order denying intervention in a suit a final and appealable order, but the present is not one of them.

Our conclusion is that this appeal should be

*Dismissed.*