## O'CONNELL v. PACIFIC GAS & ELECTRIC CO. et al.

Circuit Court of Appeals, Ninth Circuit.
May 2, 1927.

No. 4965.

**1. Municipal corporations ⊂⇒1018—Municipality may compromise litigation.**

Power of municipality to compromise litigation is implied from its power to sue and be sued.

**2. Parties ⊂⇒40(1)—Individuals dealing with public utility company cannot contest questions which can be settled by municipality.**

It is not competent for each individual having dealings with a recognized public utility company to raise contest in the courts or questions which can be settled in a general and conclusive manner on his behalf by municipality which represents him.

**3. Appeal and error ⊂⇒87(3)—Order denying petition by consumer to intervene in suit between gas company and municipality held not appealable, without establishing abuse of discretion (new equity rule 37).**

Under new equity rule 37, order denying petition by gas consumer to intervene in suits between gas company and municipality *held* not appealable, in view of failure to show sufficient grounds establishing abuse of discretion.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Separate suits by the Pacific Gas & Electric Company against the City and County of San Francisco and against the City and County of San Francisco and another, wherein Daniel O'Connell petitioned for leave to intervene. From an order denying his petition, intervener appeals. Appeal dismissed.

The appellant appeals from the order of the court below denying his petition for leave to intervene in three suits brought by the Pacific Gas & Electric Company, in the first of which the city and county of San Francisco was the defendant, and in the others the mayor of the city was added as a party defendant. The relief sought in the three cases was an injunction against the enforcement of an ordinance of the city reducing the rate to be paid for gas furnished to consumers in the city and county. The cases were consolidated for hearing, and on July 6, 1921, a final decree was entered sustaining the validity of the ordinance. Appeal was taken to the Supreme Court, and on June 2, 1924, the decision was reversed, and the causes were remanded for further proceedings. Pacific Gas & Electric Co. v. City and County of San Francisco,

265 U. S. 403, 44 S. Ct. 537, 68 L. Ed. 1075.

Thereafter negotiations were had with a view to compromising the matter in controversy, and a tentative agreement was made and was recommended by the city attorney, the mayor, and the board of supervisors of said city and county. While that question was pending before the board, the appellant filed in the court below his petition for leave to intervene. The petition was presented as that of a rate payer, and it was prepared with a view to bringing in other rate payers, and it alleged that the intervention would inure to the benefit of all rate payers and all interested parties, whom the petitioner invited to join. The petitioner alleged that he had paid the gas and electric company $150 in excess of the amount which it was entitled to charge him under the ordinance, and the reason which he asserted for seeking leave to intervene was that the city and county and its attorneys, instead of diligently defending said suits and protecting the rights and interest of the consumers of gas, were proposing to enter into an agreement under which about one-half only of the amounts collected by the company in excess of the rates fixed by the ordinance and returnable to the consumers of gas would be realized for them, and the purpose of the proposed intervention of the appellant as a codefendant in the case was to participate in the defense of said suits for himself and other rate payers.

Daniel O'Connell, of San Francisco, Cal., in pro. per.

William B. Bosley, of San Francisco, Cal., for appellee Pacific Gas & Electric Co.

John J. O'Toole, City Atty., and Robert M. Searls, both of San Francisco, Cal., for appellee city and county of San Francisco.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellant, in view of the fact that his individual claim against the gas and electric company in any separate proceeding is barred by the statute of limitations, contends that the intervention here sought is his only remedy to recover the money taken from him by the gas and electric company, and that he has an absolute right to intervene. The ground of that right, as alleged in his petition, is in substance that the attorneys for the city and county of San Francisco have unwarrantably delayed the prosecution of

the cases, and are now proposing to sacrifice the rights of the consumers of gas by entering into a compromise with the gas company, whereby the consumers will be deprived of a substantial portion of the rebate which is due them; whereas, if the litigation is continued to a final determination, they will recover the whole thereof, and that the acceptance of the compromise proposition would be a gross breach of trust on the part of the defendants in said suits.

[1] If the appellant is entitled to intervene and be heard upon the question of the relative advantage of continuing the litigation to a final determination, rather than accepting the proposed compromise, the question is one upon which more than 100,000 consumers of gas are likewise entitled to be heard, none of whom has accepted the appellant's championship or indicated a purpose to join in intervention. It is to be remembered that there is here no impounded fund in the possession of a court, to be disbursed. at the end of pending litigation. The matters yet to be determined must involve a hearing before a master, a decision by the District Court, probably followed by an appeal, as before, to the Supreme Court, with consequent delay and expense. There is no allegation of fraud or collusion between the parties to the suit, or of bad faith on the part of the city and county, and no question is made of the power of the municipality to compromise the litigation. That power, it is to be observed, is implied in the power to sue and be sued. 28 Cyc. 1756; Kelly v. Town of Milan (C. C.) 21 F. 842, 864; Oakman v. City of Eveleth, 163 Minn. 100, 203 N. W. 514; Agnew v. Brall, 124 Ill. 312, 16 N. E. 230; Town of Petersburg v. Mappin, 14 Ill. 193, 195, 56 Am. Dec. 501; Prout v. Pittsfield Fire District, 154 Mass. 450, 28 N. E. 679.

[2, 3] New equity rule 37 provides: "Any one claiming an interest in the litigation may at any time be permitted to assert his right of intervention, but the intervention shall be in subordination to and in recognition of the propriety of the main proceeding." The language of the rule indicates that the right to intervene so referred to is not absolute, and that the circumstances may be such as to justify its denial in the exercise of the court's discretion. Here neither fraud, bad faith, bad judgment, nor conspiracy is shown on the part of the municipal authorities, who represent all of the gas consumers. The application for leave to intervene rests upon no statute or other authority than the federal equity rules. The appellant is represented in the litigation by the city and county of San Francisco, as are all other consumers of gas whose rights are involved. It is not competent for each individual having dealings with a recognized public utility corporation to raise a contest in the courts over questions which can be settled in a general and conclusive manner on his behalf by the municipality which represents him. In re Engelhard, 231 U. S. 646, 34 S. Ct. 258, 58 L. Ed. 416. In that case the court said: "The apprehension is expressed and made a basis of the petition for leave to intervene, that the city, which has so far conducted the litigation—and with success—may or will relax its attention and energy to the detriment of the petitioner and the other subscribers of the company. This does not present a very strong plea against the discretion the court exercised."

Our conclusion is that there is absence of sufficient ground shown in the present case to establish abuse of discretion of the court below in denying the appellant's petition. It follows that the order is not appealable. Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49; City of New York v. Consolidated Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870; Palmer v. Bankers' Trust Co. (C. C. A.) 12 F.(2d) 747; New York v. N. Y. Tel. Co., 261 U. S. 312, 43 S. Ct. 372, 67 L. Ed. 673. In the case last cited suit was brought to enjoin the enforcement of telephone rates as confiscatory. It was held that the city, although interested as a subscriber, was not a necessary party, since its interests were fully represented through the state commission and other officials, and that its application to become a party was addressed to the court's discretion, and the order denying it was not final and appealable.

The appeal is dismissed.