### ANGIER et al. v. ANACONDA WIRE & CABLE CO.
### No. 854.

District Court, D. Delaware.
April 6, 1931.

See, also, 48 F.(2d) 614.

William G. Mahaffy, of Wilmington, Del., and L. G. Miller (of Emery, Booth, Varney & Townsend), of Boston, Mass., for plaintiffs.

Hugh M. Morris, of Wilmington, Del., and George P. Dike, of Boston, Mass., for defendant.

NIELDS, District Judge.

Edward Angier and Angier Corporation have brought suit against Anaconda Wire & Cable Company. The bill alleges infringement of United States letters patent No. 1,282,167 for "Improvement in Packages," and prays for an injunction and an accounting. One element of the defendant's package alleged to embody the invention of the patent in suit is crepe paper. Rinkle-Krinkle Paper Company, a corporation of Massachusetts, relying on Equity Rule 37 (28 USCA § 723), has filed its petition alleging that it is the manufacturer of the crepe paper used by the defendant and has a contract with the defendant to save it harmless and to defend this suit, and praying that it be allowed to intervene herein as a party defendant, and file its "answer, cross-bill or whatever pleading it may be advised is expedient," and that the plaintiffs be enjoined from commencing or prosecuting other or further suits against its customers. The form or substance of the pleading the petitioner desires to file is not attached to or submitted with its petition. In view of the conclusion hereinafter reached, this defect will, however, be disregarded.

The petitioner must show affirmatively that he has an interest in the litigation. "Interest," as used in this rule, means a legal interest. The contingency of being held liable under a contract to save the defendant harmless and defend this suit is not such an interest. While it may be true that an injunction against the defendant will deprive the petitioner of a customer for its crepe paper, it cannot be said to have any legal interest in the question whether the patent in suit is valid or invalid, or whether the defendant, in using the crepe paper purchased from the petitioner in putting upon the market defendant's package, is guilty of infringing the patent in suit. Moxie Nerve Food Co. of New England v. Modox Co. (C. C.) 179 F. 415. The petitioner has, if any, only a commercial interest in this litigation, and even that interest is dependent upon the continuance of business relations between the petitioner and the defendant which, so far as this record shows, may be terminated at any time. All of the cases cited by the petitioner deal with intervention by a manufacturer of the alleged infringing article or device, except that of Stoehrer & Pratt Dodgem Corp. v. Glen Echo Park Co. (C. C. A.) 15 F.(2d) 558. That case has no application here, as it appears from the opinion that the intervention was with the "assent of the original litigants." This petitioner, however, is not in the same position as the manufacturer and vendor of an alleged infringing device furnished by it to a defendant. In such cases courts have almost uniformly permitted the manufacturer to intervene and join with the defendant in the defense of a suit. Indeed, the petitioner here does not seek to come in as a manufacturer would. It seeks an opportunity in this suit, if permitted to intervene, to set up defenses and seek affirmative relief not available to the defendant. This it should not be permitted to do. In Allington v. Shevlin-Hixon Co. (D. C.) 2 F.(2d) 747, 749, Judge Morris well said:

"To permit, over the objection of the plaintiffs, a person to intervene not pro interesse suo only but as a party defendant * * * and then to permit such intervening party defendant to set up against the plaintiffs a counterclaim for affirmative relief that is not available to the original defendant, and to which the original defendant is not entitled, would be conferring upon such third person broad rights, indeed, with respect to the litigation, and might be extending the rights of such third person beyond the point intended by Equity Rules 30 and 37 [28 USCA § 723]."

An order denying the prayer of and dismissing the petition may be submitted.