## DEMULSO CORPORATION v. TRETOLITE CO. et al.
### No. 1117.

Circuit Court of Appeals, Tenth Circuit.
Dec. 19, 1934.

Felix A. Bodovitz, of Tulsa, Okl., and Arthur C. Brown, of Kansas City, Mo., for appellant.

Paul Bakewell, of St. Louis, Mo., Edmund Lashley, of Tulsa, Okl., Frank E. Barrows, of New York City, and W. D. Abbott, of Tulsa, Okl., for appellees.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

This appeal brings on for review an order refusing appellant leave to intervene in an infringement suit brought by appellee, the Tretolite Company, against the Darby Petroleum Corporation, for a claimed infringement of nine claims of Letters Patent number 1,467,831 owned by the Tretolite Company. The various claims cover a "process for treating petroleum emulsions" and claim the steps of subjecting the emulsion to the action of "a modified fatty acid" to break the emulsion into strata of oil and salt water, heating the mass, allowing it to stand until the oil rises to the top, and drawing off the oil.

In its bill of complaint, filed September 25, 1933, the Tretolite Company avers that since 1919 it and its predecessors in interest have manufactured and sold a preparation known as "Tret-O-Lite" as the active reagent for use in the patented process; that the Darby Corporation infringed by practicing the process disclosed by the patent without the license or authority of the patentee; that in its use of the process, the Darby Corporation used a preparation known as Demulso and another by the name of Dehydro, both of which were modified fatty acids. The prayer was to enjoin the Darby Corporation from using the process disclosed by the patent, and for an accounting.

On October 10, 1933, the Demulso Corporation filed a petition to intervene, alleging it had sold the Darby Corporation Demulso for use as a demulsifying agent prior to the filing of the infringement suit; that negotiations were under way between the Darby and Tretolite companies to settle the infringement suit without litigating the validity of the patent, and that by such settlement the Darby Corporation would discontinue its purchase of Demulso from the petitioner. It is not alleged that the Darby Corporation was under contract to buy Demulso. With its petition it tendered an answer challenging the validity of the patent on the conventional grounds. Notice of the hearing of the petition to intervene was given for October 25, 1933.

On October 11, 1933, a consent decree was entered in the principal suit, adjudging the patent valid and infringed, and enjoining the Darby Corporation from practicing the process, and waiving an accounting for profits. Neither Demulso nor Dehydro or their manufacturers is mentioned in the decree.

The petition to intervene came on for hearing on October 25, 1933, and was denied on January 9, 1934.

With certain exceptions not here pertinent, the jurisdiction of this court is limited to the review of final decisions of dis-

trict courts which dispose of the controversy between the parties. 28 USCA §§ 225, 227, 227a; Hunt v. United States (C. C. A. 10) 53 F.(2d) 333; Dye v. Farm Mortgage Inv. Co. (C. C. A. 10) 70 F.(2d) 514. Jurisdiction cannot be conferred by consent nor waived by inaction. Mitchell v. Maurer (U. S.) 293 U. S. 237, 55 S. Ct. 162, 79 L. Ed. ——.

■ Petitions of third parties to intervene in pending litigation are generally within the discretion of the trial court, and orders denying the same are not final nor appealable, unless the petitioner has a direct interest in the subject of the suit which may be asserted or protected only by intervention in the pending suit; in that event, his right to intervene is absolute; an order denying his petition disposes of his asserted right, and is final and appealable.

In United States v. California Co-op. Canneries, 279 U. S. 553, 556, 49 S. Ct. 423, 424, 73 L. Ed. 838, appellee had a contract to sell canned fruit to Armour & Company; appellee asserted its performance was prevented by a decree entered in an action brought by the government under the Anti-Trust Act (15 USCA §§ 1–7, 15 note) and petitioned to intervene. The petition was denied by the trial court; the Court of Appeals (55 App. D. C. 36, 299 F. 908) reversed, directing that leave to intervene be granted. The Supreme Court reversed the Court of Appeals; before holding that the Court of Appeals was without jurisdiction under the Expediting Act (32 Stat. 823) it stated, speaking of the action of the Court of Appeals:

"It did not refer to the decisions which hold that an order denying leave to intervene is not appealable, In re Cutting, 94 U. S. 15, 24 L. Ed. 49; Credits Commutation Co. v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; Ex parte Leaf Tobacco Board of Trade, 222 U. S. 578, 581, 32 S. Ct. 833, 56 L. Ed. 323; In re Engelhard & Sons Co., 231 U. S. 646, 34 S. Ct. 258, 58 L. Ed. 416; City of New York v. Consolidated Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870; New York v. New York Telephone Co., 261 U. S. 312, 43 S. Ct. 372, 67 L. Ed. 673, except where he who seeks to intervene has a direct and immediate interest in a res which is the subject of the suit, compare French v. Gapen, 105 U. S. 509, 524–526, 26 L. Ed. 951; Smith v. Gale, 144 U. S. 509, 12 S. Ct. 674, 36 L. Ed. 521; Leary v. United States, 224 U. S. 567, 32 S. Ct. 599, 56 L. Ed. 889, Ann. Cas. 1913D, 1029; Swift v. Black Panther Oil & Gas Co. (C. C. A.)

244 F. 20, 30. Nor did it refer to the settled rule of practice that intervention will not be allowed for the purpose of impeaching a decree already made."

In Credits Commutation Co. v. United States, 177 U. S. 311, 315, 20 S. Ct. 636, 638, 44 L. Ed. 782, cited in the Canneries Case, the court, after stating the general rule that the denial of a petition to intervene is not a final order and not appealable, held:

"It is doubtless true that cases may arise where the denial * * * of a third party to intervene therein would be a practical denial of certain relief to which the intervener is fairly entitled, and which he can only obtain by an intervention. Cases of this sort are those where there is a fund in court undergoing administration to which a third party asserts some right which will be lost in the event that he is not allowed to intervene before the fund is dissipated. In such cases an order denying leave to intervene is not discretionary with the chancellor, and will generally furnish the basis for an appeal, since it finally disposes of the intervener's claim by denying him all right to relief."

In United States Trust Co. of New York v. Chicago Terminal T. R. Co. (C. C. A. 7) 188 F. 292, 296, the rule is thus stated:

"Applications for leave to intervene are of two kinds. In one the applicant has other means of redress open to him, and it is within the court's discretion to refuse to incumber the main case with collateral inquiries. In the other the applicant's claim of right is such that he can never obtain relief unless it be granted him on intervention in the pending cause. In this latter class the right to intervene is absolute, and the rejection of the petition is a final adjudication and therefore appealable."

In Foote v. Parsons Non-Skid Co. (C. C. A. 6) 196 F. 951, 953, the Court of Appeals affirmed an order of the trial court permitting a manufacturer of a patented device to intervene in an infringement suit against a retailer, the court saying, however, that "the right * * * to intervene and defend * * * is not an absolute right. * * * It is as matter of favor and not of right." Judge Denison in Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (C. C. A. 6) 14 F.(2d) 378, and Judge Priest in Ring Refrig. & I.-M. Co. v. St. Louis Ice Manuf'g & C.-S. Co. (C. C.) 67 F. 535, lay down the rule to the same effect. In Standard Oil Co. v. Southern Pacific Co. (C. C. A. 9) 54 F. 521, the appellate court affirmed

an order of the trial court making the owner of patented devices a party defendant in an infringement suit brought against a user. In Palmer v. Bankers' Trust Co. (C. C. A. 8) 12 F.(2d) 747, the court dismissed an appeal from an order denying bondholders the right to intervene in a foreclosure action. O'Connell v. Pacific Gas & Electric Co. (C. C. A. 9) 19 F.(2d) 460, was a suit to enjoin the enforcement of an ordinance; pending negotiations to settle, a taxpayer's petition to intervene was denied. His appeal was dismissed.

There are several District Court opinions dealing with the power or duty of the trial court to permit intervention, in the exercise of a judicial discretion, under circumstances not dissimilar to those here present; such opinions do not, of course, rule upon the question of whether the orders made are appealable. Among them are Angier v. Anaconda Wire & Cable Co. (D. C. Del.) 48 F.(2d) 612; Moxie Nerve Food Co. of N. E. v. Modox Co. (C. C. R. I.) 179 F. 415; Ring Refrig. & I.-M. Co. v. St. Louis Ice Manuf'g & C.-S. Co. (C. C. Mo.) 67 F. 535, where intervention was denied, and Wenborne-Karpen Dryer Co. v. Dort Motor Co. (D. C. Mich.) 300 F. 404, reversed on other grounds (C. C. A.) 14 F.(2d) 378, and Continuous Extracting P. Corp. v. Eastern Cotton Oil Co. (D. C. N. C.) 264 F. 340, where, in the exercise of its discretion, the trial court permitted intervention.

There remains the application of these rules to this case. Does the Demulso Corporation have "a direct and immediate interest in a res which is the subject of the suit"—the test laid down by the Supreme Court in the Canneries Case?

It was not a party to the suit, so no adjudication could go against it. The decree entered was by consent, and is of little or no force as stare decisis; were it otherwise, it would not entitle it to intervene as a matter of right.

It had no contract to sell the Darby Corporation its product, so no contractual relations were interfered with. The consent decree does not enjoin the Darby Corporation from buying Demulso if it chooses.

Nor is the case akin to one where a retailer is charged with infringement in selling a patented device. There a case is stated against the manufacturer although no relief is asked against him. Even in such a case, the manufacturer's right to intervene is not absolute.

Here the Darby Corporation was charged with using a patented process for treating petroleum emulsions, purporting to describe and claim several steps. No patent is claimed, or could be, on "a modified fatty acid." It is not remotely suggested that the Demulso Corporation follows the patented process, and unless it is alleged that it follows every step of the process, there can be no infringement. Jensen-Salsbery Laboratories v. O. M. Franklin B. Serum Co. (C. C. A. 10) 72 F.(2d) 15. No relief is asked against it. Its product is named in the bill, as is the Dehydro compound, in stating the facts as to the alleged infringement by Darby.

■ The subject matter of the suit is a patent for a process to which the Demulso Corporation asserts no claim, and in which it has no direct or immediate interest. It does not therefore have an absolute right to intervene.

The connection of Demulso with the subject matter of the litigation is much more remote than in the Canneries Case. There the Canneries had a contract, the performance of which was interfered with by the decree. Here, there is nothing lost except an opportunity to sell Demulso to Darby if it chooses to buy. Demulso has not lost its right to contest, in a proper action, the validity of this patent, or to pursue the Tretolite Company for any actionable wrong. The case does not fall, therefore, in that class where an order denying intervention is appealable.

Appellant does have an indirect interest in the litigation. This decree doubtless has removed the Darby Corporation from its list of prospective customers. The Tretolite Company may undertake to use the decree as a weapon to bludgeon other customers of Demulso into purchasing their requirements of a nonpatentable article from the owner of a patent which has not gone through the ordeal of fire in a contested suit, and whose owner is not overanxious to put to that test. The appellant, therefore, has a proper, although indirect, interest in testing the validity of a patent which is being used to strip it of its customers. Appellant urges that unless its intervention be granted, it is without remedy.

■ The absence of another remedy is not the sole test of an absolute right to intervene (Glass v. Woodman [C. C. A. 8] 223 F. 621); it is a matter which enters into a trial court's consideration of a petition to intervene. But appellant has not convinced

us that it is without a remedy. There are direct remedies against those engaging in unfair competition, and if the patent is invalid, its use to prey upon customers of others might well be argued to be unfair. Or, other customers of Demulso, when approached with a choice between litigation and the purchase of a rival compound, doubtless would defend under an indemnity agreement. Or, in another infringement suit against another customer, the trial court might readily, in its discretion, permit the intervention. Or, since it has been held (Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065) that the interest which a manufacturer has in his established clientele is one which in a proper case may be the subject of judicial relief, an actual controversy may exist under section 274d of the Judicial Code, Act of June 14, 1934, 28 US CA § 400. Be that as it may, it suffices to say here that if appellant has any legal rights in the premises which have been or may be invaded by the Tretolite Company, such rights have not been adjudicated in this litigation.

While the trial court might, with propriety, have granted this petition, his order denying it is not appealable. The appeal is dismissed at the costs of appellant.

Appeal dismissed.