### CRESTA BLANCA WINE CO., Inc., v. EASTERN WINE CORPORATION.

No. 392.

Circuit Court of Appeals, Second Circuit.

July 14, 1944.

Mock & Blum, of New York City (Asher Blum, of New York City, of counsel), for appellants.

Darby & Darby, of New York City (Samuel E. Darby, Jr., and Walter A. Darby, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The parties to this appeal are Cresta Blanca Wine Company, Inc., Schenley Distillers Corporation, each a Delaware corporation, and Eastern Wine Corporation, a New York corporation. For brevity they will be called respectively Cresta, Schenley and Eastern. Cresta is a wholly owned subsidiary of Schenley, and some of the wines put out by Cresta under its registered trade-mark "Cresta Blanca" have been distributed by Schenley. On February 21, 1944 Cresta brought suit against Eastern in the federal court for the southern district of New York. The complaint asserts two causes of action: the first charges trade-mark infringement by the use of "Casa Blanca" for Eastern's wines; the second asks a declaratory judg-

ment of Cresta's right to continue to use its trade-mark "Cresta Blanca" free from any claim by Eastern of priority in the use of "Casa Blanca". Shortly thereafter Eastern filed in the federal court for the district of Delaware separate actions against Schenley and Cresta, charging infringement of its mark "Casa Blanca" by the use of "Cresta Blanca" as applied to wines. Thereupon Schenley sought leave to intervene as a party plaintiff in the New York action and joined with Cresta in moving to stay further prosecution of Eastern's Delaware actions until entry of a final judgment herein. An order refusing intervention and denying the requested stay was entered April 1, 1944. This is the order on appeal. At the time of its entry no answers had been filed in any of the three actions.

■ The appellants contend that a federal district court which first gets jurisdiction of an equitable action, and particularly of a declaratory judgment action, should preserve its jurisdiction by enjoining proceedings involving the same issues and the same parties commenced thereafter in a federal court of another district. Considerable authority supports this rule. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211; Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 104 F.2d 589; Berliner Gramophone Co. v. Seaman, 4 Cir., 113 F. 750; Pacific Fire Ins. Co. v. C. C. Anderson Co., D.C.S.D.Idaho, 42 F.Supp. 917; National Fruit Product Co. v. Dwinell-Wright Co., D.C.D.Mass., 42 F.Supp. 1016; Godfrey L. Cabot, Inc., v. Binney & Smith, D.C.D.N.J., 46 F.Supp. 346; Green v. Gravatt, D.C.W. D.Pa., 35 F.Supp. 491; see also Landis v. North American Co., 299 U.S. 248, 254, 255, 57 S.Ct. 163, 81 L.Ed. 153. It is a sensible doctrine, in accord with equitable principles and conducive to justice between the parties and to economy of judicial time and energy. The appellee does not dispute the validity of the principle but argues that in the case at bar there was no abuse of discretion in denying a preliminary injunction. As to the cases between Cresta and Eastern it is urged that while the parties are the same the issues are not because in the first cause of action Cresta is seeking an accounting and an injunction against Eastern while in the Delaware suit

the reverse is true, and in the second cause of action Cresta does not seek a declaratory judgment of the invalidity of Eastern's trade-mark of "Casa Blanca" but merely a declaration that Eastern has shown such laches in asserting its claim of priority as to entitle Cresta to continue its use of "Cresta Blanca." We see no merit in the contention. Each action requires a determination whether the two marks are confusingly similar and which party has the prior right within the states where both are doing business. There is nothing to suggest that these questions can be better settled or relief afforded more expeditiously or more effectively in the Delaware action than in the New York suit. The New York suit having been first commenced, we think that further prosecution of the later action should have been stayed. The authorities cited above are controlling; particularly apposite is Crosley Corp. v. Westinghouse Elec. & Mfg. Co., supra.

■■ There was, however, no abuse of discretion in denying Cresta a stay of Eastern's action against Schenley. The duty to enjoin the prosecution of a proceeding later instituted in another federal district arises "only if the controversy in each court involves the same issues and the same parties." Triangle C. & C. Co. v. National Electric Products Corp., 3 Cir., 138 F.2d 46, 47, certiorari denied 320 U.S. 784, 64 S.Ct. 191. Schenley was not a party to the New York suit. Only if Cresta should obtain a favorable judgment in that suit would it be entitled to restrain the prosecution by Eastern of an infringement action against a distributor of Cresta's wines. See Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Triangle C. & C. Co. v. National Electric Products Corp., supra.

■ There remains for consideration Schenley's appeal. Schenley was not entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The application was for permissive intervention under Rule 24(b). We see no abuse of discretion in denying it. Eastern sued Schenley in Delaware before Schenley applied for intervention in the New York suit. It can hardly be said that intervention, had it been granted, would have related back to the filing of Cresta's complaint. Therefore Schenley's proposed intervention against Eastern would have been the later action between them and the very principle

Schenley invokes would require staying the New York action rather than the Delaware suit. Moreover, the proposed complaint of intervention is for a declaratory judgment and as such is addressed to the sound discretion of the court. See Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703, 710; Borchard, Declaratory Judgments, 2d ed., 817-820. Hence were the merits of the order before us we should think it right. But an order refusing intervention is not a final and appealable order unless the applicant for intervention has no other adequate means of asserting his rights. City of New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L.Ed. 870; City of New York v. New York Tel., 261 U.S. 312, 43 S.Ct. 372, 67 L.Ed. 673; United States v. California Co-op. Canneries, 279 U.S. 553, 556, 49 S.Ct. 423, 73 L.Ed. 838; In re Dolcater, 2 Cir., 106 F.2d 30, 32. Obviously Schenley can adequately assert its rights by interposing a counterclaim in the Delaware suit, if it wishes to do so. Accordingly Schenley's appeal is dismissed. Upon Cresta's appeal the order is reversed and the cause remanded with directions to stay further prosecution of Eastern's action against Cresta pending final disposition of the New York suit.