# G. H. MUMM CHAMPAGNE et al. v. EASTERN WINE CORPORATION.

District Court, S. D. New York.

Oct. 24, 1944.

Beekman Aitken, of New York City, for plaintiffs.

Darby & Darby, of New York City (Walter A. Darby and Samuel E. Darby, Jr., both of New York City, of counsel), for defendants.

COXE, District Judge.

The trade-marks involved in this suit are Nos. 177,419 and 312,653, both of which show a white label, across which a red stripe runs diagonally from the upper left-hand corner to the lower right-hand corner, bearing the words in print, "Cordon Rouge".

The District Court, 52 F.Supp. 167, held that these two trade-marks were infringed by the defendant by the use of a label bearing a red stripe of the same width as the plaintiffs', running from the upper left-hand corner to the lower right-hand, and carrying the legend, "Chateau Martin", in print, with the word "Brand" added in much smaller type. It was also held that the defendant was guilty of unfair competition by using the label in the sale of its champagne. An interlocutory judgment was accordingly entered on December 13, 1943, directing the issuance of an injunction restraining the defendant from infringing the two trade-marks by the "use of defendant's said labels or any other labels so deceptively similar to the marks of said registrations as to be calculated to deceive, and from thereby unfairly competing with plaintiff * * *". The injunction was thereafter issued and served on the defendant. On appeal to the Circuit Court of Appeals the judgment was affirmed (G. H. Mumm Champagne v. Eastern Wine Corp., 2 Cir., 142 F.2d 499), and certiorari has recently been denied by the Supreme Court, 65 S.Ct. 41.

After the decision of the district court, the defendant discontinued the use of the label with the red stripe, and has since used a label with a diagonal stripe identical to the one held to infringe, except that it is not colored. In August, 1944, the attorneys for the defendant wrote the plaintiffs that the defendant contemplated using a new label identical with the one it was then using, except that the stripe was colored magenta, and asked the plaintiffs if they regarded this proposed new label as an infringement of the trade-marks and as unfair competition. In answer to this letter, the attorney for the plaintiffs wrote that the plaintiffs considered both labels as infringing the trade-marks.

The question is whether the defendant's new labels are within the scope of the injunction. The two trade-mark registrations show the diagonal stripe running from the upper left-hand corner to the lower right corner and bearing the words "Cordon Rouge". Both registrations state "the drawing is lined for red", indicating that the red color was an essential part of each mark. The record and briefs before the Circuit Court of Appeals stressed the color of the stripe, and considerable emphasis was placed on the fact that the red stripe had been identified with the plaintiffs' product for many years. I think it is clear, therefore, that the label now used by the

defendant without a colored stripe is not covered by the injunction. The proposed new label with the magenta stripe is, however, so close to the trade-marks as to be merely an evasion. I think that this label is within the scope of the injunction as being "deceptively similar" to the trade-marks.

The motion of the plaintiffs for a supplemental injunction with respect to the defendant's proposed magenta stripe label is granted, and the motion for a supplemental injunction with respect to the label without a colored stripe denied. The motion of the plaintiffs to enjoin the prosecution of the Delaware suit is also granted. See Cresta Bianca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012. The other relief asked for by the plaintiffs is denied.