CAMERON v. PRESIDENT AND FELLOWS OF HARVARD COLLEGE et al.

No. 4172.

Circuit Court of Appeals, First Circuit

Nov. 7, 1946.

Henry E. Crowe and Francis R. Foley, both of Pawtucket, R. I. (Thomas Hetherington, Crowe & Hetherington, and Corcoran, Foley & Flynn, all of Pawtucket, R. I., on the brief), for appellant.

Walter A. Edwards, of Providence, R. I. (Edward T. Richards and Edwards & Angell, all of Providence, R. I., and O. M. Shaw and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., on the brief), for President and Fellows of Harvard College.

Daniel H. Morrissey, of Providence, R. I. (William E. McCabe, City Sol., Francis D. McManus and Irving Winograd, Asst. City Sols. and Morrissey & Conley, James H. Hagan, and Hurley, Moriarty & Connly, all of Providence, R. I., on the brief), for appellee City of Providence.

Archie Smith, of Providence, R. I., on a memorandum for the Atty. Gen. of Rhode Island, appellee.

Before MAHONEY, GOODRICH (by special assignment), and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal under § 128 of the Judicial Code, 28 U.S.C.A. § 225, from an order of the District Court of the United States for the District of Rhode Island denying an application for leave to intervene, and a motion to amend the same, on the ground that neither was timely made. The facts with respect to the litigation in which the appellant seeks to intervene, the proceedings therein, and also the proceedings in related litigation between the parties thereto in the courts of the State of Rhode Island, are fully stated in our opinion in Re President and Fellows of Harvard College, 149 F.2d 69. For present purposes we may recapitulate very briefly.

On January 28, 1942, the President and Fellows of Harvard College, a Massachusetts corporation, filed a complaint in the court below against the City of Providence, a Rhode Island municipal corporation, and also its City Treasurer and the Attorney General of Rhode Island, both of whom are residents of that State, in which it alleged that the City was misapplying the net income of certain real and personal property devised and bequeathed to it in trust by the will of one Charles H. Smith, deceased; that under the terms of the above will such misapplication consti-

tuted a forfeiture by the City of its trust estate; and that in the event of such forfeiture the will provided that the res should pass to the College in trust for specified purposes.[1] By way of relief the College asked for an accounting by the City; a declaration that it "has forfeited said trust estate and the same is now vested in the plaintiff;" a determination of the time when such forfeiture took place and a direction that the City and its Treasurer turn the trust res, or its equivalent in money, over to the plaintiff; and for costs and general relief. Thereafter the City and its Treasurer answered denying generally the commission of any acts constituting a breach of trust, and following this the case was continued from term to term while a multiplicity of interlocutory matters were heard and determined. Eventually however, on August 6, 1945, by agreement of counsel the case was assigned for trial on October 29, following. But on that date, counsel representing to the court that the parties had reached a settlement the case was again continued by agreement to November 13. On November 19 it was continued to the next term, and on November 21 a consent decree approved by the Attorneys General of both Rhode Island and Massachusetts was entered disposing of the case by dividing the res between the College and the City on approximately a 40%-60% basis, each to administer its share according to the terms of the trusts set up in the will.

At about this juncture the applicant for intervention, the appellant here, who sets herself out as a citizen of New Jersey and the executrix and sole legatee and devisee of Charles H. Smith's sole heir at law, came into the picture. The court below found that during the pendency of the principal litigation just described she was familiar with the terms of the will of Charles H. Smith and in fact had been engaged in litigation with respect to it in the Rhode Island courts. Then it found that the litigation between the College and the City et al. had been given "much publicity" and "that counsel for said applicant has admitted that prior to the entry of said consent decree he, then representing said applicant, had knowledge that decree proceedings were pending in this court; that on or about the thirtieth day of November, 1945, counsel for the plaintiff, counsel for the several defendants and counsel for said applicant had a conference with the court in chambers in regard to a proposal on the part of said applicant to appeal the entry of said consent decree; that at that time, viz., on the thirtieth day of November, 1945, it was called to the attention of counsel for said applicant at said conference that said applicant was not a party and that perhaps procedure ought to be in the nature of intervention; that during said conference counsel for said applicant expressed his intention of intervening and it was agreed by all parties present that any motion to intervene should be heard before this court on the twenty-first day of January, 1946; and that no motion for leave to intervene was filed on behalf of said applicant on or before said twenty-first day of January, 1946."

The appellant filed her present motion for leave to intervene eight days after January 21, 1946, that is, on January 29, and she accompanied it, as Rule 24(c), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, requires, with a pleading (proposed answer and counterclaim) setting forth the claim or defense for which she sought intervention. In this motion she alleged that the representation of her interest in the trust res by existing parties is or may be inadequate; that she is or may be bound by the consent decree; that she is so situated as to be adversely affected by a distribution or other disposition of the trust estate; and that her defense and claim and the main action have questions of law in common. Then on February 8, 1946, she moved to amend her motion by adding thereto an allegation that a statute of the United States confers an unconditional right to intervene upon her. Subsequently, after hearing, both of these motions were denied for the reason that they were not made in time, and thereupon this appeal was taken.

---

[1] Federal jurisdiction based upon diversity of citizenship and amount in controversy is not disputed and is abundantly clear.

Intervention in actions pending in the federal District Courts is governed by Rule 24 of the Federal Rules of Civil Procedure. Paragraph (a) of this Rule permits anyone "upon timely application" to intervene in an action as a matter of right in three enumerated situations: "(1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof." Paragraph (b) of the Rule permits anyone, also "upon timely application", to intervene in an action in the discretion of the district court in two situations: "(1) When a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

■ From the foregoing it is evident that an application for permission to intervene must be timely whether it is asserted as a matter of legal right under paragraph (a) or requested as a matter of judicial discretion under paragraph (b). But this question of timeliness cannot be split off and considered in vacuo—as one separate and apart from the question of the paragraph of Rule 24 under which intervention is sought. The reason for this is that an assertion of a legal right to intervene might well be considered timely even when made at a relatively late stage of the main action whereas a request for leave to intervene in discretion made at the same stage in the main action might well be considered otherwise. See 2 Moore's Federal Practice Under the New Rules, § 24.11, p. 2369. Thus at the threshold of the question of timeliness we come face to face with the problem of what decisions denying applications for permission to intervene are final and hence appealable under § 128 of the Judicial Code and what are not.

■ Certainly decisions denying applications to intervene as of right under paragraph (a) of the Rule are final (see Burrow v. Citizens' State Bank, 5 Cir., 74 F.2d 929, 930), since they purport ultimately to decide questions of substantive legal right. But the appellant's application, even as she sought to amend it, does not fall within this category. The property in dispute, the trust res, is not in the custody of the court below or of any officer thereof so (3) does not apply. Nor does (2) apply. The representation of her interest by the existing parties to the main action may or may not be inadequate. We need not inquire. The reason for this is that the requirements of (2) are conjunctive, so there must be both inadequate representation and at least a possibility of being bound by a judgment in the main action, and the applicant cannot be bound by any judgment in that action since it is one in personam involving the question of which party has the better right to the trust res. Thus any judgment therein can bind only the parties and those in privity with them, which the applicant is not.

She contends, however, in her proposed amendment that § 57 of the Judicial Code, 28 U.S.C.A. § 118, confers an unconditional right to intervene upon her so that her application falls within (1) of paragraph (a) of the Rule. We cannot agree. Section 57 has to do with service of process in certain situations upon defendants who are not inhabitants of or found within the district in which action is instituted against them, and the fact that the section permits such persons if not actually personally notified to enter their appearance and plead within one year after judgment confers no right upon persons not parties to intervene within that time. The section has nothing whatever to do with intervention.

■ Thus the appellant's application must be considered as one under paragraph (b) of the Rule.

■ The statement is made in some of the older cases that an order denying an application for leave to intervene addressed to the discretion of the District Court is "not of that final character" which furnishes "the basis for appeal." City of New York v. Consolidated Gas Co., 253 U. S. 219, 221, 40 S.Ct. 511, 512, 64 L.Ed.

870, and cases cited. See also City of New York v. New York Tel. Co., 261 U. S. 312, 316, 43 S.Ct. 372, 67 L.Ed. 673; Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 88 L.Ed. 1188. Perhaps this statement may be warranted for the reason that only rarely, if ever, could it be shown that a District Court abused its discretion in denying permissive intervention. See 2 Moore's Federal Practice, supra, p. 2371. However, we venture to question its verbal accuracy. Decisions reached by an exercise of judicial discretion ordinarily are reviewable, if they are final, although, of course, on appeal the scope of review is limited to the question of abuse of discretion. Actually the crucial question as we see it is not whether the decision appealed from was made in discretion but whether it is final as the Circuit Court of Appeals for the Second Circuit recently pointed out when it said: "But an order refusing intervention is not a final and appealable order unless the applicant for intervention has no other adequate means of asserting his rights." Cresta Blanca Wine Co. v. Eastern Wine Corp., 143 F.2d 1012, 1015. And the appellant has adequate means of asserting her rights at her disposal. Certainly the present decision denying her permission to intervene does not preclude her from asserting her rights in some other appropriate form of proceeding. Credits Commutation Co. v. United States, 177 U.S. 311, 315, 20 S.Ct. 636, 44 L.Ed. 782. We see no reason why she cannot bring an action to obtain the trust res against those now in possession of it similar to the one brought by Harvard College against the City of Providence et al. Under these circumstances we conclude that we lack jurisdiction over this appeal.

It might be objected that since we lack jurisdiction of the appeal we lack jurisdiction to decide that the appellant has no right to intervene as a matter of law under Rule 24(a). Logically this is true, but the situation presented is one in which we are called upon to assume jurisdiction in order to decide that we do not have it.

The appeal is dismissed for lack of jurisdiction.