**DRUM SKIRTS v. EVAN–PICONE, Inc.**

United States District Court
S. D. New York.
Nov. 20, 1950.

Oscar Levine, New York City, for plaintiff.

Henry L. Burkitt, New York City, for defendant.

RYAN, District Judge.

This suit was filed on September 7, 1950, by the assignee under an unrecorded assignment of a patent, for a declaration of validity, injunctive relief against alleged infringement and damages. Prior thereto, and on July 7, 1950, the defendant herein filed suit in the Eastern District of New York, as plaintiff against the registered owner of the patent in question for a declaration of non-validity and non-infringement. At that time, the defendant herein was not advised of the unrecorded assignment and was ignorant of the fact that any such assignment had been made. It further appears that the owner of the patent is an officer and stockholder of the plain-

tiff-assignee, actively participating in the management of its business. Upon acquiring knowledge of the assignment, the defendant herein, with reasonable promptness, moved to join the assignee (plaintiff, herein) as a party defendant, in the suit it had theretofore instituted in the Eastern District; the application has been granted.

Defendant now moves for an order staying plaintiff from further proceeding with the instant suit, pending trial and determination of the prior action in the Eastern District.

It appears that this prior action brings before the district court all parties necessary to a final and complete adjudication of the rights of all claiming and interest in the patent involved. Earlier trial may be had in the Eastern District; that suit was first filed; it is a convenient forum, and efficient administration of justice suggests the avoidance of a multiplicity of suits. The motion is granted. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012. Submit order.