**Thomas Edward KINSEY, Plaintiff,**

**v.**

**LEGG, MASON & COMPANY, INC.,**
**Defendant and Third-Party**
**Plaintiff,**

**v.**

**The PSYCHOLOGICAL CORPORATION,**
**Third-Party Defendant.**

**Civ. A. No. 1338–71.**

United States District Court,
District of Columbia.

Feb. 27, 1974.

See also D.C., 60 F.R.D. 91.

Willie L. Leftwich, Washington, D. C., for plaintiff.

C. William Taylor, and Richard L. Sippel, Washington, D. C., for defendant Legg, Mason.

Deborah Carliner, Washington, D. C., for EEOC.

## MEMORANDUM–ORDER

GASCH, District Judge.

This matter comes before the Court upon two motions involving the parties in this cause of action. First, defendant Legg, Mason & Company (Legg, Mason) moved to dismiss the third-party com-

plaint against the Psychological Corporation. Plaintiffs have not opposed. Secondly, the Equal Employment Opportunity Commission (EEOC) has moved to intervene under 42 U.S.C. § 2000e–5(f)(1) and Fed.R.Civ.P. 24(b)(1) (permissive intervention). Legg, Mason has opposed this intervention.

First, the Court can find no element of difference between Legg, Mason's motion to dismiss the Psychological Corporation and their previous motion dismissing Klein Institute, which was granted September 25, 1973. For the same reasons set forth in that Memorandum-Order, and considering that plaintiff apparently has no opposition, the present motion will be granted.

██ The EEOC motion presents a slightly more difficult problem. The Commission has certified that this case is one of general public importance and the Court accepts, for purposes of this motion, that characterization. The EEOC argues that its intervention is timely in that no substantive issues have been decided, despite the fact that this suit was filed July 7, 1971. The EEOC has pointed to two cases supporting its view of the timeliness of the intervention sought: Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970), and Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1972). It must be pointed out that both of these cases involved intervention as of right under Fed.R.Civ.P. 24(a), and that a different measure of timeliness is normally applied to permissive intervention. Cameron v. President and Fellows of Harvard College, 157 F.2d 993 (1st Cir. 1946); 3B Moore's Federal Practice, ¶ 24.13 [1]. Thus, "an assertion of a legal right to intervene might well be considered timely even when made at a relatively late stage of the main action whereas a request for leave to intervene in discretion made at the same stage in the main action might well be considered otherwise." 157 F.2d at 996.

There is no question but that the requested intervention is permissive in nature, and that the Court must weigh the many competing factors involved before deciding whether or not intervention would be appropriate. Here we have an action that has proceeded through extensive discovery, which has just recently been concluded. Pending before the Court is Legg, Mason's motion for partial summary judgment on the testing issue, filed February 12, 1974. Plaintiff is well represented by competent counsel, who is receiving assistance from the N. A.A.C.P. Legal Defense Fund. Further, on July 5, 1973, this Court issued a detailed Memorandum-Order restricting the scope of plaintiff's complaint and dismissing the class action aspect of the case. Considering all of these events together, the Commission's motion certainly comes late in the course of this lawsuit.

Defendant Legg, Mason relies upon a persuasive recent case insofar as timeliness is concerned. In Patterson v. Youngstown Sheet and Tube Co., 7 E.P. D. ¶ 9099 (N.D.Ind., January 11, 1974), Judge Sharp was confronted with an EEOC motion to intervene filed September 5, 1973, in a suit that had been originally instituted September 25, 1969. There, extensive pretrial discovery, motions, hearings, et cetera, had been completed, and the Court found no issues presented by the EEOC that the plaintiff had not already raised. Also, the Court found that plaintiff's counsel was well prepared to conduct a complete and adequate representation of his client's interests. Judge Sharp denied the Commission's motion to intervene after considering all of the foregoing items.

██ The circumstances of *Patterson* are strikingly like those presently before the Court. Considering the late date of the proposed intervention, the progress made in readying the issue for resolution and the adequacy of plaintiff's representation, this Court will apply the

holding of *Patterson* and deny the Commission's motion to intervene.

Ordered that defendants' motion to dismiss the third-party complaint be and the same is hereby granted; and it is further

Ordered that the Equal Employment Opportunity Commission's motion to intervene be and the same is hereby denied; and it is further

Ordered that plaintiffs reply to defendants' motion for partial summary judgment within ten days of the date of this Order to facilitate prompt consideration of the merits of this cause of action.