### PEREZ et al. v. CANADIAN LAND & FUR CO., Inc.

(District Court, E. D. Louisiana. July 1, 1926.)

No. 18457.

1. Courts ⬡➡280.

Federal court should act on its own initiative in dismissing suit, under Judicial Code, § 37 (Comp. St. § 1019), when it appears that suit does not involve controversy properly within its jurisdiction, whether question has been raised or not.

2. Courts ⬡➡308.

Federal jurisdiction does not attach, where one or more of defendants are citizens of same state as one or more of plaintiffs.

3. Courts ⬡➡310.

Bill against nonresident corporation, although asking for relief only against such corporation, but showing on its face that it involved rights of resident corporation and individuals, not made parties, will be dismissed, under Judicial Code, § 37 (Comp. St. § 1019), as not being cognizable in a federal court.

4. Equity ⬡➡388.

Where granting relief prayed for would injuriously affect persons materially interested, who were not made parties, bill will be dismissed.

In Equity. Suit by Miguel Perez, Jr., and others, against the Canadian Land & Fur Company, Incorporated, wherein Leon Meraux and others intervened. On motion to dismiss by defendants and interveners. Bill dismissed.

Wm. Winans Wall and F. W. Hart, both of New Orleans, La., for plaintiffs.

George Janvier, of New Orleans, La., for defendant.

John T. Convery, of New Orleans, La., for interveners.

BURNS, District Judge. The bill in this case, filed by Miguel Perez and some 120 others as plaintiffs, alleging each to be a citizen of Louisiana and the owner of one share of capital stock of the St. Bernard Trappers' Association, Incorporated, a Louisiana corporation, organized for the business of acquiring and leasing lands in St. Bernard and Plaquemines parishes, in Louisiana, to its stockholders for the purpose of trapping fur-bearing animals thereon, alleges that said corporation subleased from one John R. Perez, of New Orleans, La., for the trapping season, November, 1926, to February, 1927, approximately 100,000 acres of lands held by said Perez under lease for 10 years from the Phillips Land Company; that at a meeting of the board of directors of the St. Bernard Trapping Association, Incorporated, on March 7, 1926, a resolution was adopted, authorizing the selling and transferring of all of the association's right, title, and interest in the Perez sublease to one J. Walter Michel, under certain terms and conditions; that on March 9 Leon A. Meraux, treasurer of the association, transferred all of said right, title, and interest in the said contract of lease to J. Walter Michel, as trustee, who, on April 19, 1926, by an act before a notary public of Bronx county, N. Y., transferred the lease to the Canadian Land & Fur Company, a Delaware corporation made defendant herein.

The bill alleges that these transactions were illegal, null, and void, and not binding on the corporation of which they are members, for various reasons, among others, that there was no quorum present at the directors' meeting when the resolution was adopted; that those present exceeded their power, and their acts were ultra vires; that no notice of the meeting had been given the members of the board; that the transfer of the lease to Michel was void for want of consideration; that it deprived petitioners, as stockholders, of their right to present leases held by them, and gave to Michel, or his

principals or assigns, the right to impose on them terms, conditions, stipulations, and restrictions, but did not bind Michel to do anything, which amounted to a potestative condition, or want of mutuality; that the assignment of the lease was null and void, because it was procured as the result of a conspiracy between Leon A. Meraux, treasurer of the corporation and member of the board of directors, Leander H. Perez, attorney of the association, and other parties unknown; that J. Walter Michel, acting as trustee, was actually acting for these conspirators, who constitute the Canadian Land & Fur Company, Incorporated, the Delaware corporation made defendant, and designed to enrich themselves, against equity and fair dealing, at the expense of petitioners and the stockholders generally of the St. Bernard Trappers' Association.

On this verified bill, a temporary restraining order issued as prayed for, together with a rule nisi, returnable on May 26, 1926, citing the sole defendant, Canadian Land & Fur Company, Incorporated, a Delaware corporation, to show cause why a preliminary injunction should not issue against itself, its officers, agents, contractors, and subcontractors, attorneys, employees, and their successors, as prayed for. The rule being continued to June 18, 1926, for hearing, the Canadian Land & Fur Company, Incorporated, appeared and filed a motion to dismiss for want of jurisdiction; i. e., on the ground that J. Walter Michel, Leon A. Meraux, and Leander H. Perez, all citizens of Louisiana, were and are necessary and indispensable parties to this suit; that no judgment or decree could be rendered herein without inquiring into and affecting directly the validity of the contract of lease, and into the turpitude charged to the parties named in the bill; that likewise the St. Bernard Trappers' Association is a necessary, indispensable party, directly interested in the contract and to be affected by any decree which might be rendered; that particularly from the face of the record the plaintiffs concede J. Walter Michel to be a necessary, indispensable party, by having filed, on April 17, 1926, a suit similar to this one in the civil district court for the parish of Orleans, praying for relief against him under the same contract.

Additionally, the respondent filed a return, generally denying the allegations of the bill; alleging the regularity of the resolution of the board of directors of the St. Bernard Trappers' Association, and assignment of the lease; denying specially any

character of possession of the lands by plaintiffs; alleging its own possession of the land as conveyed to it by the St. Bernard Trappers' Association, Incorporated, Leon A. Meraux individually, and Louis Cappielo individually, each of said parties having an undivided one-fourth interest, which they transferred to the respondent company. By intervention, Leon A. Meraux, a citizen of Louisiana, alleging himself to be the owner of a one-fourth undivided interest in the contract sought to be annulled by the bill, to which he was not made party, moves that the bill be dismissed for want of jurisdiction. Likewise appearing in similar motions, the St. Bernard Trappers' Association and the Plaquemines Parish Protective Association, Incorporated, and the St. Bernard Trappers' Association, Incorporated, by intervention file a motion to dismiss for want of jurisdiction, on the ground that Leon A. Meraux, Louis Cappielo, and the Plaquemines Parish Protective Association, all citizens of Louisiana, are indispensable parties, who have rights, titles, and interests in the John R. Perez sublease, to be inquired into and affected by any judgment that might be rendered herein, and, if joined as parties, would oust the jurisdiction of this court.

[1] At the opening of the hearing, plaintiff, by its solicitor, objected to the hearing of the motions to dismiss, in limine, and before hearing on the rule nisi. This objection was overruled. The argument on the motions proceeded. The rule nisi was also heard upon the pleadings, affidavits, and documentary evidence offered and filed. Section 37 of the Judicial Code (Comp. St. § 1019) makes it the duty of the District Court to proceed no further in a suit, when it shall appear to its satisfaction, at any time after such suit has been brought, that it does not really and substantially involve a dispute or controversy properly within its jurisdiction, but to dismiss it. This does not depend on whether the parties raise the question of jurisdiction or not. The court may, and should, act on its own initiative, whenever such circumstances appear.

[2] The jurisdiction of this suit depends upon diverse citizenship. Federal jurisdiction does not attach, where one or more of the defendants are citizens of the same state as one or more of the plaintiffs. No citation of authority is necessary to support the proposition that every party on one side must be a citizen of a different state from every party on the other.

[3] Considering the allegations of article XIII of the bill, charging the moving cause of this litigation, i. e., that the sublease contract is null and void, that it was procured by a fraudulent conspiracy by and between the officers and directors of the St. Bernard Trappers' Association and other persons unknown, that these officers and directors, Meraux and Perez, and also J. Walter Michel, trustee, in their individual as well as representative capacities, were parties to such conspiracy, intending to enrich themselves at the expense of complainants, it clearly appears that this court cannot proceed to a final decree unless and until these persons, whose substantial rights must be affected, whose acts must be inquired into, and whose interests are not separable, are brought in as parties defendant. The relief prayed for is against the Delaware corporation, made sole defendant, its officers, agents, etc., and also the contractors, subcontractors, etc., both in their individual as well as their representative capacities. What can be intended, except a covert attempt to reach and affect the interest of parties to the contract complained of indirectly, who, if brought in, would forthwith operate to oust the jurisdiction of this court.

It is prayed, further, that they be enjoined from dispossessing or attempting to dispossess the St. Bernard Trappers' Association and the complainants of the lands in question, and from doing any act whatever to enforce any claims of rights of ownership under the alleged illegal, null, void, and pretended assignment of sublease by the board of directors of said corporation, and by J. Walter Michel, trustee, to defendant. How might the protection of the rights of the St. Bernard Trappers' Association, Incorporated, be thus vicariously impleaded, particularly where that corporation appears by intervention, praying to the contrary to be made party, and that the suit be dismissed?

How might the contract between the Canadian Land & Fur Company, Incorporated, and J. Walter Michel, and that between him and the St. Bernard Trappers' Association be declared void, without affecting the substantial interest not alone of the latter corporation, but of Michel himself, of Meraux, and of the Plaquemines Parish Protective Association. A clearer case of improper joinder for the purpose of creating a case not properly cognizable in this court cannot be readily conceived.

[4] It is the established practice to dismiss plaintiffs' bill, where it appears that to grant the relief prayed for would injuriously affect persons materially interested in the

subject-matter, who are not made parties. State of Minnesota v. Northern Securities Co., 184 U. S. 199, 22 S. Ct. 308, 46 L. Ed. 499; Garzot v. Rios de Rubio, 209 U. S. 297, 28 S. Ct. 548, 52 L. Ed. 794.

There will, accordingly, be a decree dismissing plaintiffs' bill, at their cost.