### UNITED STATES v. HOUDE ENGINEERING CORPORATION.

No. 1904.

District Court, W. D. New York.

Jan. 25, 1935.

See, also, 9 F. Supp. 833, 841, 843.

George L. Grobe, U. S. Dist. Atty., of Buffalo, N. Y., Robert B. Watts, Sp. Counsel, National Labor Relations Board and Sp. Asst. Dist. Atty., of New York City, and F. B. Critchlow, Sp. Asst. Dist. Atty., and Thomas J. Emerson, Atty., National Labor Relations Board, both of Washington, D. C., for the United States.

Edward W. Hamilton, of Buffalo, N. Y., for petitioner.

KNIGHT, District Judge.

This is a motion upon the petition of one Joseph W. Dambach for permission to him to intervene as a party defendant. The proper practice on an application for intervention is by filing the petition accompanied by proposed answer and asking leave of the court for a hearing upon the petition. The special reason for the observance of this procedure is to enable the court to consider the sufficiency of the answer as bearing upon the right to intervene. While it seems to the court there is specially good reason why the ordinary practice should be observed, it is unnecessary to pass upon the necessity of following the usual procedure in the light of the determination at which the court arrives on the merits of the motion.

The petitioner was at all times in question in this suit an employee of the defendant company. The complaint in substance alleges that defendant is a corporation engaged in interstate commerce in connection with its business of manufacturing automobile parts and equipment; that on March 21, 1934, as authorized by law and the code adopted and the executive order made pursuant thereto, an election was had by employees of defendant to select a representative to act as the exclusive bargaining representative of all employees or any group of employees of defendant, all as authorized and provided by section 7 (a) of the National Industrial Recovery Act, 15 USCA § 707 (a) ; that a majority of the employees of defendant participated in said election; that certain individuals were elected as representing the United Automobile Workers' Federal Labor Union No. 18839, and that defendant has refused at any time to bargain collectively with such Federal Labor Union No. 18839 "as the exclusive bargaining representative of all or any groups of its factory employees concerning matters of wages" etc.; that the defendant has "interfered, restrained and coerced" its employees in their self-organization and other concerted activities for the purpose of collective bargaining; and the complaint demands judgment directing the defendant to meet and bargain with the representative aforesaid as the exclusive bargaining representative of all and any group of defendant's factory employees concerning matters of wages; that defendant be restrained from bargaining with any "person or persons, organization or organizations other than United Automobile Workers' Federal Labor Union No. 18839 * * * concerning matters of wages," etc.; and that the defendant be restrained from interfering with and coercing employees in their self-organization and in their designation of representatives for bargaining purposes, and that defendant be restrained from interfering in any way with the organization of its employees known as the United Automobile

Workers' Federal Labor Union No. 18839. These statements with respect to the allegations of the complaint are intended to be made only as to such as have a bearing upon the questions raised by this motion.

The petitioner is one of approximately 400 employees of the defendant who did not participate in the election aforesaid. Participants in the election seem to have been mainly members of the United Automobile Workers' Federal Labor Union No. 18839 and the Houde Welfare & Athletic Association, both organizations of employees of the company. The complainant seeks to intervene by virtue of the provisions of Equity Rule 37 (28 USCA § 723). In so far as is pertinent here, such rule provides: "All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. * * * Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." So far as the research of the court and counsel has gone, it has produced no case similar in all its bearings with the one presented here. The tests as laid down in the rule are the interest of the petitioner in the subject of the action or the necessity or propriety of making him a party in order to have a complete determination of the cause. This is an action solely against the employer. The employer has not answered. The issue has not yet been made. It is, however, admitted by the counsel for petitioner that petitioner assumes that the defendant will raise the issues sought to be raised by this petitioner.

The petition alleges in substance that the controversy described in the complaint is a controversy between the American Federation of Labor and the Houde Engineering Corporation, as regards their respective rights under section 7 (a) of the National Industrial Recovery Act (15 USCA § 707 (a). The United Automobile Workers' Federal Labor Union No. 18839 is an unincorporated association, affiliated with, and subject to the control of, the American Federation of Labor. The Houde Welfare & Athletic Association is an unincorporated association.

It sets forth the alleged organization and certain powers of the American Federation of Labor and that such federation is causing the Buffalo Regional Board to interfere with the liberty of petitioner and hinder him in his rights under section 7 (a) of the National Recovery Act (15 USCA § 707 (a); that petitioner is unwilling to accept said labor union to act as his representative for the purpose of bargaining for himself individually or collectively for him and his fellow employees; that there were certain irregularities in the election brought about by the Buffalo Regional Labor Board through the activities of the aforesaid federal labor union and the acts of the American Federation of Labor; that hearings have been held by the national and local boards upon complaints made against the defendant because of defendant's willingness to deal with individuals and bargain with groups of employees through representatives of their own choosing. It also contains an allegation that section 7 (a) of the National Industrial Recovery Act is unconstitutional, in that it gives certain rights to certain groups and denies similar rights to other groups or individuals similarly situated. The petition concludes with the assertion that the interest of the defendant and its employees is correlated and interdependent; that the Houde Welfare & Athletic Association, the United Automobile Workers' Federal Labor Union No. 18839, as well as this petitioner, are as interested as the defendant in this action and are indispensable parties, and that the American Federation of Labor is a necessary party for the complete determination of the matters in controversy.

By virtue of the provision of section 3 (c) of the National Industrial Recovery Act (15 USCA § 703 (c), the United States attorney of this district, under the direction of the Attorney General, is alone authorized to institute and maintain suits to restrain violations of the codes approved under the act. Jurisdiction of this court in such suits is contingent on their being brought by the United States district attorney.

Equity Rule 37 (28 USCA § 723) specifically provides that any intervention must be "in subordination to, and in recognition of, the propriety of the main proceeding." It is difficult to define just what the limitation of this provision of the rule is. "In subordination to, and in recognition of," do mean that the applicant to intervene must

admit the jurisdiction of the court to entertain the action and accept the issues as he finds them. Hughes, Federal Practice, vol. 7, § 4319, p. 147; 21 C. J. 342, § 338; 347, § 350. A comprehensive statement as regards the right to intervene is found in 11 Ency. Pl. & P. pp. 509 and 510, as quoted in Whittaker v. Brictson Mfg. Co. (C. C. A.) 43 F.(2d) 485, 490, as follows: "An intervener * * * must accept such suit as he finds it. * * * He cannot raise an issue as to whether the proceedings are regular. * * * He cannot raise new issues in the suit, nor insist upon a change in the form of the proceeding." Board of Drainage Com'rs v. Lafayette Southside Bank of St. Louis (C. C. A.) 27 F.(2d) 286; In re Veach (C. C. A.) 4 F.(2d) 334.

■ The allegation in the petition is that this is a controversy between the American Federation of Labor and the Houde Engineering Corporation. Facts are alleged which, it is claimed, sustain this allegation. The unconstitutionality of the act under which this suit is brought is asserted. Thus we have here an attack, not only upon the main suit as to its constitutionality, but as to the proper parties. This, it seems to me, is in direct conflict with the requirements of Rule 37 (28 USCA § 723), and such a proposed petition for intervention has been repeatedly refused. In re Veach, supra; Union Trust Co. v. Jones (C. C. A.) 16 F.(2d) 236; Mueller v. Adler (C. C. A.) 292 F. 138.

■■ Interest in the subject of the action is prerequisite to the absolute right to intervene or to the exercise of the discretion of the court in permitting intervention. Such interest may be "in personam" or "in rem." The courts are most frequently concerned with applications in equity suits to intervene, where it is claimed the interest of the applicant is "in rem." It is less difficult to determine an interest "in rem" as a basis for intervention than an interest "in personam." Courts are properly liberal in permitting intervention in order that rights may be protected and duplication of actions prevented. Permission to intervene under Federal Equity Rule 37 (28 USCA § 723) is generally a matter of discretion. However, there are cases in which denial to intervene is such an abuse of discretion as will be set aside. Palmer v. Bankers Trust Co. et al. (C. C. A.) 12 F.(2d) 747; Credits Commutation Co. v. U. S., 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; U. S. Trust Company v. Chicago Terminal Transfer Ry. Co. (C.

C. A.) 188 F. 292; O'Connell v. Pacific Gas & Electric Co. (C. C. A.) 19 F.(2d) 460.

■ If it appeared from the petition that the interest of the plaintiff in the suit were not properly represented and that a substantial loss would result to him from his not being a party, the right to intervene would be absolute. The question of the construction of section 7 (a), National Industrial Recovery Act (15 USCA § 707 (a), is a matter which concerns the employees of the defendant of which this petitioner is one. If his interest, as an employee, is such as to entitle him to intervene, a denial of that right would be an abuse of discretion. Assuming that the petition is sufficient in alleging that the rights of the petitioner are not fairly represented and that he will be substantially affected in his rights if not permitted to intervene, it is my opinion that the petition does not show such an interest as entitles him to intervene. My reasons are that his interests are sufficiently represented in the action as instituted. The district attorney represents the people in the proceeding to enforce the provisions of the Recovery Act. The interest of the defendant is the interest of the petitioner. The settlement of the rights of the employer and employee will be determined through this suit as made without intervention. The employee of the defendant has no better right to intervene than has an individual of the general public in a multitude of litigated matters. The employee here, as in every industry, is interested to see the industry continued and his wages continued. Such an interest however, as a wage-earner, appears in every litigated matter which threatens adversely the financial status of an employer, but it is not such an interest as entitles him to intervene in an action against that employer. The interest must be direct and specific.

The petitioner seems to rely in this application principally upon Minnesota v. Northern Securities Co., 184 U. S. 199, 22 S. Ct. 308, 326, 46 L. Ed. 499, and Texas & New Orleans R. R. et al. v. Brotherhood of Railway and Steamship Clerks et al., 281 U. S. 548, 50 S. Ct. 427, 74 L. Ed. 1034. In the former case, the plaintiff sought an injunction to prevent the consolidation of certain railroads so as to evade the state statutes prohibiting consolidation of parallel and competing railroads. The court held that the individual railroads were necessary parties because the defendant did not hold all of the stock of the railroads. It was not

held that the individual minority stockholders were necessary parties individually or as a group, but the railroads were affected by the issue, and through its directors, elected by the stockholders, were necessary parties. The court said: "They [minority stockholders] have a right to be represented in the controversy by the companies whose stock they hold." In Texas & New Orleans R. R. et al. v. Brotherhood of Railway & Steamship Clerks et al., no question was raised regarding the rights of any one to intervene. By the Railway Labor Act of 1926 (45 USCA §§ 151–163) it was intended to provide for the settlement of disputes between carriers and employees through the making of enforceable contracts. To make such contracts enforceable, it was provided that they be made between duly authorized representatives of the contracting parties. Section 2, par. 2, of the act. There was no provision in the act, as here, that it should be the duty of the United States district attorney to institute proceedings to restrain violations of the act. It was claimed that the railroad company was interfering with the liberty of its employees in the election of representatives for the purposes set forth in the act. An injunction was sought to restrain such activities. It was claimed that the Brotherhood of Railway Employees was the legal representative authorized by the majority of the employees to represent them. No penalty was prescribed by the act. Under such a state of facts the action was properly brought by the brotherhood as representing employees of the company. No question regarding the right to intervene arose in the case.

In Ex parte Leaf Tobacco Board of Trade, 222 U. S. 578, 32 S. Ct. 833, 56 L. Ed. 323, after judgment in U. S. v. American Tobacco Co., 221 U. S. 106, 31 S. Ct. 632, 55 L. Ed. 663, petitioners, comprising 75 tobacco concerns, sought to intervene on the ground that they were vitally interested in the determination. The court denied the right to intervene after judgment, and refused to allow an appeal from an order denying the right to intervene, and the court also said: "The merely general nature and character of the interest which the movers allege they have in the papers here filed is not, in any event, of such a character as to authorize them in this proceeding to assail the action of the court below."

In Credits Commutation Co. v. U. S., 177 U. S. 311, 20 S. Ct. 636, 638, 44 L. Ed. 782, the company sought to intervene in a foreclosure action brought against a railroad. After discussing the discretionary and absolute right of intervention, the court quotes with approval the language of the trial judge, denying intervention, wherein he declared: "Whatever the petitioner's right or interest may be, it is nothing more than a contingent, speculative, future possibility." The court points out that upon the violation of petitioner's rights it would have the right to bring an independent action. Guaranty Trust Co. of N. Y. v. Chicago, M. & St. P. Ry. Co. (D. C.) 15 F.(2d) 434.

In Appalachian Electric Power Co. v. Smith et al. (C. C. A.) 62 F.(2d) 940, 942, the suit was brought to set aside the action of the Federal Power Commission, holding that a certain river was not "navigable waters" within the definition of the Federal Power Act and limiting the license issued to the plaintiff. The Radford Iron Company sought to intervene in order that its right to use the waters of the river in question should be recognized and maintained. Petitioner claimed that the orders of the Federal Power Commission constituted a cloud on its right to use the waters of the aforesaid river. The right to intervene was denied. The court said: "It is well settled that the only interest which will entitle a person to the right of intervention in a case is a legal interest as distinguished from interests of a general and indefinite character which do not give rise to definite legal rights."

In Re Engelhard & Sons Co., 231 U. S. 646, 34 S. Ct. 258, 58 L. Ed. 416, it was held that the municipality is the proper party to be made defendant, and as such it can represent all parties interested. Intervention by single subscribers was denied.

Said the court in Ex parte Cutting, 94 U. S. 14, 22, 24 L. Ed. 49: "The stockholders do not represent the corporation, but for some purposes the corporation represents them. They are sometimes admitted as parties to a suit, for the purpose of protecting their own interests in the corporation against unfounded and illegal claims against it, but this 'remedy is an extreme one, and should be admitted by the court with hesitation and caution.'"

In Palmer v. Bankers' Trust Co. (C. C. A.) 12 F.(2d) 747, it was held discretionary whether bondholders should be permitted to intervene in suits to foreclose railroad mortgages held by a trustee. Say the court, page 752 of 12 F.(2d): "The general rule in such cases is that the trustee, being a party to the suit, represents all the bondhold-

ers, and that the latter will not be permitted to intervene unless a showing is made that the trustee is not unexceptionable." Numerous authorities are here cited.

In Starring v. Frazier, U. S. Attorney, et al. (D. C.) 4 F. Supp. 818, 820, the complainant, employee of silk mills, sought to attack the validity of the National Industrial Recovery Act and the code of fair competition. The complaint purported to set up a cause of action analogous with the one in suit. It was held that the alleged right of the complainant was "legally remote and indirect, and not necessarily involved by the assailed act or the code." By analogy the petitioner herein has no right to intervene.

In Purvis et al. v. Bazemore (D. C.) 5 F. Supp. 230, it was held that individual members of an industry cannot maintain suit to enjoin other members from violating the National Industrial Recovery Act.

In New York City v. N. Y. Telephone Co., 261 U. S. 312, 43 S. Ct. 372, 373, 67 L. Ed. 673, the city sought to intervene in an action brought by the New York Telephone Company to restrain the enforcement of certain orders made by the Public Service Commission as to rates. An order denying the application of the city of New York to intervene was sustained. Chapter 15 of the Laws of 1922 State of New York then provided that the Attorney General should appear for the people in the matter of rates, etc., of the New York Telephone Company. The matter of telephone rates was one of importance to all of the residents of New York City. Even then it was not permitted to intervene in the teeth of the statute. Such statute corresponds with the statute authorizing the United States district attorney to enforce violations of the National Industrial Recovery Act. The Supreme Court said: "The city of New York has no control over the rates. Its only interest in them is as a subscriber, and even as such its interest in the general rates is not direct because its own rates are settled by a special contract. Under such circumstances, the city is certainly not a necessary party."

City of New York v. Consolidated Gas Co. of N. Y., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870, is comparable with, and an authority in full harmony with, the decision made in New York City v. New York Telephone Company, supra.

The court in the exercise of its discretion should not permit the intervention of petitioner. Any interest of the petitioner in the outcome of this suit will be properly and sufficiently presented in the suit between the present parties thereto. It is apparent that, if the pending suit is pressed to issue, the meaning and application of section 7 (a) of the National Industrial Recovery Act (15 USCA § 707 (a) will be determined. This petitioner has the same remote interest in the event of the suit that every other employee has. Authority to the petitioner to intervene invites applications by other individual employees as well as groups of employees. Indeed, the petitioner contends that the Houde Welfare & Athletic Association and the United Automobile Workers' Federal Labor Union No. 18839 are necessary parties. Already intervention has been sought on behalf of the Welfare & Athletic Association and another individual employee. Unnecessary extension of the trial and confusion as regards the issues would result, with no additional benefit to the petitioner.

Motion to intervene is denied.