**UNITED STATES v. HOUDE ENGINEERING CORPORATION.**

**No. 1904.**

District Court, W. D. New York.

Jan. 25, 1935.

842

See, also, 9 F. Supp. 843, 833.

George L. Grobe, U. S. Dist. Atty., of Buffalo, N. Y., Robert B. Watts, Sp. Counsel, National Labor Relations Board, and Sp. Asst. Dist. Atty., of New York City, and F. B. Critchlow, Sp. Asst. Dist. Atty., and Thomas J. Emerson, Atty., National Labor Relations Board, both of Washington, D. C., for the United States.

Arthur R. Moore, of Buffalo, N. Y., for petitioner.

KNIGHT, District Judge.

This is a motion to permit one William B. McGahan to intervene in this action.

The petition recites generally the allegations of the complaint. It alleges that this petitioner was not an employee of the defendant prior to April 30, 1934; recites the relief demanded in the complaint; asserts an interest of the petitioner in this action and the right to intervene under Equity Rule 37 (28 USCA § 723), for the reason that, if the relief demanded is denied, the petitioner will be bound by acts of representatives not of his own choosing; that petitioner will be deprived of the right to bargain individually, and compelled to become a member of the United Automobile Workers' Federal Labor Union No. 18839, and will be unable to continue his employment with the defendant.

The distinction in the status of petitioner from that of Joseph M. Dambach, whose petition for intervention has this day been denied (9 F. Supp. 836) lies in the fact that the petitioner was employed subsequent to the time of the election of a representative for the purpose of collective bargaining held on March 21, 1934. If the determination at which I arrived with reference to the application of Mr. Dambach is right, it is applicable here. The contention of the government is that a representative was elected with authority to bargain collectively for all employees of the defendant or for any group of employees of the defendant. The election looks to representation in the future. It would be an absurdity to assume that each time an employee were employed or a new group formed an election would be necessary.

The petition is evidently drawn with the purpose to assert an interest "in subordination to and in recognition of the main proceeding." It is asserted that it is made for the purpose of asserting a defect, and that, when the petitioner has been made a party, the objection will be removed and his appearance then will be in subordination to the jurisdiction of the court as theretofore required.

This assertion points the necessity of the service of a proposed answer together with the petition. If the petitioner's interest is "subordinate to and in recognition of" the jurisdiction of the court, the answer must admit the regularity of the election, the proceedings preceding it, and the constitutionality of the act. This petitioner's theory with respect to the purpose of intervention would seem to leave little, if any, more than a question of law for decision in this suit. It seems to be admitted that the defendant, when answering, will raise the questions of law necessary for the determination of the rights of the defendant and its employees with respect to collective bargaining under the authority of the National Industrial Recovery Act (15 USCA § 701 et seq.). This furnishes a reason why the court, in the exercise of its discretion, should deny this application at this time.

Irrespective of whether intervention herein would be "in subordination to and in recognition of the main proceeding," petitioner shows no interest, giving him the absolute or discretionary right to intervene in the suit. Such showing is necessary, irrespective of the effect of his appearance as being in "subordination to and in recognition of the main issue."

In addition to the authorities discussed in the matter of the application for intervention in re Dambach, petitioner cites numerous other authorities. A careful review of these leads to the conclusion that none are res adjudicata of the question here involved. Nor is there any specific language in such decisions supporting the conclusion that the views of the court differ from the view of the court herein.

California Co-op. Canneries v. United States, 55 App. D. C. 36, 299 F. 908; United States v. Terminal Railroad Ass'n of St. Louis, 236 U. S. 194, 35 S. Ct. 408, 59 L. Ed. 535; Trimble v. John C. Winston Co. (C. C. A.) 56 F.(2d) 150; Perez v. Canadian Land & Fur Co. (D. C.) 14 F.(2d) 181; and Commonwealth of Pennsylvania v.

State of West Virginia, 262 U. S. 553, 43 S. Ct. 658, 67 L. Ed. 1117, 32 A. L. R. 300; cited by petitioner, were cases in which rights of property were claimed and clearly shown. The parties were directly interested in the event. They had a real interest as distinct from a remote and uncertain interest. In Coppage v. Kansas, 236 U. S. 1, 35 S. Ct. 240, 59 L. Ed. 441, L. R. A. 1915C, 960, the criminal conviction of a superintendent of an employer was reviewed. Adkins v. Children's Hospital, 261 U. S. 525, 43 S. Ct. 394, 67 L. Ed. 785, 24 A. L. R. 1238, was an action brought by the Minimum Wage Board for violation of the Minimum Wage Law. Arizona Copper Co. v. Hammer, 250 U. S. 400, 39 S. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1537, concerned the constitutionality of a state employees' act. Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283, involved the question of the constitutionality of the state statute as it concerned the denial of employment to an alien. While these cases are illuminating as declaratory of two of the fundamental bases of this government, the right to personal liberty and the right to private property, I find nothing in them which declares that the right of an employee to contract for his employment is such a property right as permits him to intervene in a suit such as presented here. These cases have no determining force here. Denial of the right to intervene is in no sense a denial of the right to personal liberty or the right to private property or the right of individual contract.

For the foregoing reasons and the reasons assigned in Re Dambach, 9 F. Supp. 836, and in Re Houde Welfare & Athletic Association, 9 F. Supp. 843, the motion to intervene must be denied.

