**UNITED STATES v. HOUDE ENGINEERING CORPORATION.**

No. 1904.

District Court, W. D. New York.

Jan. 25, 1935.

See, also, 9 F. Supp. 833, 836, 841.

George L. Grobe, U. S. Dist. Atty., of Buffalo, N. Y., Robert B. Watts, Sp. Counsel, National Labor Relations Board, and Sp. Asst. Dist. Atty., of New York City, and F. B. Critchlow, Sp. Asst. Dist. Atty., and Thomas J. Emerson, Atty., National Labor Relations Board, both of Washington, D. C., for the United States.

Edward W. Hamilton, of Buffalo, N. Y., for petitioner.

KNIGHT, District Judge.

This is a motion made on behalf of the Houde Welfare & Athletic Association to intervene as a party to this action.

The petition purports to be signed by "Houde Welfare and Athletic Association by Charles D. Hortman." Admittedly the Houde Welfare & Athletic Association is an unincorporated association. Under the statutes of the state of New York, sections 12 and 13, General Associations Law (Consol. Laws N. Y. c. 29), chapter 915 of the Laws of 1920, as construed by the federal court (C. C. A. 2d) in Bobe v. Lloyds, 10 F.(2d) 730, a pleading on behalf of or against an unincorporated association may be made in the name of the corporation by its president or treasurer. It follows that a petition, as a basis for intervention, when made by an individual for the association, must likewise be made by one of the designated officers. It does not appear that Hortman was either president or treasurer of the Houde Welfare & Athletic Association, and hence the peti-

tion to intervene must be denied upon the ground of insufficiency in that respect.

■ Objection is also made that the proceedings on the part of the petitioner are irregular, in that no consent to file the application has been obtained and that the petition is not accompanied by the proposed answer. There seems to be no definite procedure in this respect as regards an application to intervene. In some states it is fixed by statute. There is no federal rule or statute of New York state defining what shall be done. The better practice seems to be that a petition for intervention shall be filed only on leave of the court and that it shall be accompanied by the answer which the petitioner proposes to make. Hughes, Federal Practice, vol. 7, § 4319. Where, however, the petition is not accompanied by a proposed answer and it contains facts sufficient to make adequate statement of the defense, the failure to file the answer may be disregarded. Hughes, Federal Practice, vol. 7, § 4319.

■ It is not disputed that the petitioner is an unincorporated association of employees of the defendant. The petition is based upon the same grounds as are set forth in the petition for intervention by Joseph W. Dambach, an individual employee of the defendant, upon which a decision of this court has this day been rendered. 9 F. Supp. 836. If we assume that the petition is properly before the court, intervention of this petitioner must be denied for the reasons assigned in the Dambach application. The fact that this petition purports to be made by an association or group of employees makes no distinction between the two applications.

Motion to intervene is denied.