## IN RE ENGELHARD & SONS COMPANY, PETITIONER.

### PETITION FOR WRIT OF MANDAMUS AND RULE.

No. 12, Original.   Argued November 10, 1913.—Decided January 5, 1914.

In a suit by a public utility corporation to enjoin enforcement of rates claimed to be confiscatory, the municipality is the proper party to be made defendant, and as such it can represent all parties interested.

The only mode of judicial relief against unreasonable rates is by suit against the governmental authority which established them or is charged with the duty of enforcing them.

It is not competent for each individual having dealings with a regulated public utility corporation to raise a contest in the courts over questions which can be settled in a general and conclusive manner. *Chicago, M. & St. P. Ry.* v. *Minnesota,* 134 U. S. 418.

Where a telephone company has sued the municipality to enjoin rates as confiscatory and an injunction has been granted upon the company paying into a fund the excess collected from the subscribers, the

municipality is the proper party to represent all the subscribers on a reference to determine the amount of refund to which each is entitled after the rates have been held not confiscatory and the injunction dissolved.

Under such conditions a single subscriber cannot represent all the subscribers as a class and the court is not compelled under Equity Rule 38 to allow him to intervene.

In this case, the court below having acted within its discretion in refusing a petition for leave to intervene, mandamus to compel it to grant the petition is refused.

THE facts, which involve the right and power of a municipality to represent the residents and citizens having contracts with a public utilities corporation in a suit brought by such corporation to enjoin as confiscatory, rates established by ordinance of the municipality, are stated in the opinion.

*Mr. Clayton B. Blakey,* with whom *Mr. Huston Quin* was on the brief, for petitioner.

*Mr. Alexander P. Humphrey* and *Mr. W. L. Granbery,* with whom *Mr. Hunt Chipley* was on the brief, for respondent.

MR. JUSTICE McKENNA delivered the opinion of the court.

This petition was argued and submitted with No. 11, Original and prays a mandamus issue commanding respondent to vacate the order made March 10, 1913, in the suit then and now pending, brought by the Cumberland Telephone & Telegraph Company against the City of Louisville, in so far as it denied to petitioner the right to sue for all subscribers of the Telephone & Telegraph Company similarly situated with petitioner, who paid the Telephone & Telegraph Company, during the pendency of the injunction against a certain rate ordinance enacted

by the city, sums in excess of the rates fixed in the ordinance, and commanding him to enter an order permitting petitioner to sue for and represent and act in behalf of such subscribers with respect to the restitution of the sums so collected.

If this cannot be done, then petitioner prays for a rule on said Judge to show cause why a mandamus shall not issue to grant petitioner an appeal prayed for from the order of March 10, 1913, and refused by him.

The petition recites the proceedings in the District Court substantially as they are recited in the petition in *In re City of Louisville.* It adds these details: That while the injunction was in force at least 8000 of the subscribers of the Telephone Company paid for its service sums in excess of the amounts fixed by the ordinance; that the amounts paid by them ranged from $5.00 to $100.00, the majority of the payments being less than $20.00. The total amount so paid will exceed $100,000. None of the subscribers were parties to the litigation, and petitioner, on September 28, 1912, presented and asked to have filed a bill of intervention in the cause and that it might be permitted to sue for and represent all of the subscribers who had so paid the Telephone Company. The petition was refused.

That on February 15, 1913, and after the new equity rules had been promulgated by this court, petitioner again moved for leave to file its bill of intervention and for leave to sue in behalf of all of such subscribers. The motion was denied.

A petition for an appeal was presented and denied on April 18, 1913.

That during the time the Telephone Company collected rates from its subscribers in excess of the new ordinance rates some of the subscribers had business telephones on a direct line, and some on a party line; some had residence telephones on a direct line and others on a party line. All

of the subscribers who paid the excess rates paid them under identically similar circumstances, and in the same situation with respect to their right to have the Telephone Company restore the excess. The petitioner had a telephone on a party line and more than 3000 of the subscribers of the company had the same kind of telephone.

That the effect of the order of the court is to deny the right of the subscribers to be represented in the cause upon the correctness of the master's report, which will be filed in the next thirty days, and their rights will be finally adjudicated without allowing them to appear or have their day in court. There are 8000 subscribers thus situated who have no adequate remedy against the action of the court, but mandamus.

A copy of the complaint in intervention is attached to the petition. It sets out the facts as in the petition, but more in detail, with additions in an attempt to show a common interest in all of the subscribers to the right of petitioner to appear for itself and for them. It prays that petitioner be made a party to the cause for itself and the other subscribers; that the Telephone Company, upon the coming in of the master's report, pay into the court the sums collected in excess of the ordinance rates, with interest at 6 per cent., to be distributed for the benefit of those concerned. The bill of intervention was permitted to be filed so far as to permit petitioner to assert its own claim, but so far as it prayed to be permitted to act or claim for any other but itself its prayer was denied, with the privilege, however, to renew the same upon making it appear to the court that it had authority from "other specifically named claimants" to act for them.

The basis of petitioner's contention is that it has a common interest with the other subscribers of the Telephone Company and may therefore intervene for itself

and for them.   Equity Rule 38 [1] is cited to sustain the contention.   Petitioner is not seeking, however, as it says, "for itself or for any one the recovery of a specific portion of the fund."   The alternative of this would seem to be the assertion of a right to intervene and become a party to all the controversies upon which the fund may depend, and this may mean either in conjunction with the city or independently of it, and, it may be, in exclusion of it. It is said that the city is acting only for the good of the public but that that is not "the criterion to determine whether the parties in interest have the representation to which they are entitled."   It is further said that however earnest the city may be to obtain restitution to the subscribers of the Telephone Company, it might not appeal from an adverse ruling.   Who is going to represent the subscribers, it is asked, upon the question of fees to the master and the costs, and the costs on appeal, and who raise the question of interest?   This enumeration presents the purpose of the petition for intervention.   In other words, the apprehension is expressed and made a basis of the petition for leave to intervene, that the city, which has so far conducted the litigation—and with success— may or will relax its attention and energy to the detriment of petitioner and the other subscribers of the company. This does not present a very strong plea against the discretion the court exorcised, supposing the court had discretion to grant or refuse the petition.

It is contended, however, that the court had no discretion but to grant the petition and that Equity Rule 38 was peremptory of the right of petitioner.   It recognizes the principle, it is said, "that the rights of persons should not be passed upon unless such persons are before the court or are represented by some one who is interested similarly

---

[1] See  226  U. S.,  Appendix,  p.  11,  for  Equity  Rule  No.  38,  at length.

with them." And cases are cited which, it is urged, also recognize and illustrate the principle.

We have given due consideration to the cited cases and the argument of counsel, and we are of opinion that the District Court did not exceed its discretion in making the order under review. The city was the proper party to make defendant in the suit as representative of all interested, and so throughout the whole proceedings. If we may suppose in a case like the present one there can be a distinction between the public interest and private interest, the subscribers of the company being the public, the representation of both interests was adequately fulfilled. It was in consequence of the motion of the city that the telephone company agreed to keep account of charges in excess of the ordinance rates, and, if they should finally be decided to be illegal, to pay into court the excess sums for distribution among its subscribers. It was the representative of all interests to provide for the creation of the fund; it is properly the representative of all interests to see to its proper distribution. This is a necessary deduction from the cases. It is the universal practice, sustained by authority, that the only mode of judicial relief against unreasonable rates is by suit against the governmental authority which established them or is charged with the duty of enforcing them. As was said by Mr. Justice Miller, in *Chicago, Mil. & St. P. Railway Co.* v. *Minnesota,* 134 U. S. 418, 460, it was not competent for each individual having dealings with the regulated company "to raise a contest in the courts over the questions which ought to be settled in this general and conclusive way." The rule has been repeated in subsequent cases.

Indeed, what issue is involved except that of the main suit—the character of the rates—that needs the intervention of petitioner? As to who are subscribers of the company, there can be no controversy, nor as to the amounts to be returned to them. Both names and amounts could be,

indeed had been, ascertained by the master, under an order made upon motion of the city. Petitioner, however, was not able to produce authority from any subscriber to appear for him, notwithstanding the order of respondent permitted petitioner to renew its motion whenever it should "be made to appear to the court in any appropriate way that other specifically named claimants" desired petitioner to act for them. And yet, against these facts, against, as counsel for respondent says, the possibility of a presumption that the other subscribers of the telephone company do not desire petitioner to represent them, it prays a mandamus to compel such representation.

We cannot yield to the prayer.

*Rule discharged.*