WHITE RIVER BRIDGE CORPORATION *v.* STATE.

4-4022

Opinion delivered March 23, 1936.

*Martin Fulk, Henry Donham, Guy Amsler* and *Lee Miles,* for appellants.

*Carl E. Bailey,* Attorney General, *Leffel Gentry* and *Walter L. Pope,* for appellee.

JOHNSON, C. J. By way of intervention, appellants filed their joint and several motion to vacate a certain judgment of the Prairie Circuit Court made and entered September 18, 1930, in which action the State of Arkansas was plaintiff and the White River Bridge Corporation and the New York Trust Company were defendants. The judgment sought to be vacated is as follows: "Now on this day comes the plaintiff, the State of Arkansas, by its Attorney General, Hal L. Norwood, and by Pace & Davis and R. W. Robins, its attorneys, and comes the defendant, the White River Bridge Corpora-

tion, a corporation organized under the laws of the State of Delaware, by Robinson, House & Moses, its attorneys, and comes the defendant, The New York Trust Company, a corporation organized and existing under the laws of the State of New York, by Robinson, House & Moses, its attorneys, and, by consent of all parties made in open court, the following finding and judgment is made, rendered and entered by the court, to-wit: The court finds that the defendant, the White River Bridge Corporation, is the owner of the following real estate and property, to-wit: A right-of-way 100 feet wide on each side of the following line: Beginning at a point 277 feet east of the southeast corner of the northwest quarter of section 17, township 2 north, range 4 west; thence 76 degrees and 30 seconds east a distance of 594 feet; thence east 200 feet to the west bank of White River; and also beginning at a point 726 feet north of the quarter section corner between sections 16 and 17, township 2 north, range 4 west; running thence south 45 degrees and 20 minutes west a distance of 1,056 feet; thence west 300 feet to the east bank of the White River.

" 'And also the bridge across White River near De-Valls Bluff, Arkansas, at a point on White River where same is crossed by highway No. 70, including toll house, approaches, and all appurtenances thereunto belonging, said bridge, right-of-way and other property described above being all located in Prairie County, Arkansas.

"And also franchise and privilege of operating said bridge granted to Harry E. Bovay and his successors and assigns by an act of Congress of the United States, entitled 'An Act to Authorize the Construction of a Bridge Across White River in Prairie County,' approved November 23, 1921, which franchise has passed by assignment to the said defendant.

"And also the franchise granted to Harry E. Bovay by order of the county court of Prairie County for the construction and operation of the above-mentioned bridge, which order appears of record in Prairie County court record "T," pages 267 and 273, which franchise

as amended has passed by assignment to the said defendant.'

"And the court further finds that by deed of trust, dated May 1, 1928, appearing of record in mortgage record book 20, page 1, of the records of Prairie County, the defendant, the White River Bridge Corporation, has conveyed, mortgaged and pledged the above-described bridge, franchises, right-of-way and other properties to secure certain bonds therein described, of which bonds there now remains outstanding $463,000, and the court finds that there is no lien or mortgage upon the above-described property except for the above-mentioned bonds now outstanding and secured by the above-described deed of trust.

"And the court finds that the value of said bridge, franchises, right-of-way and all other properties above described, owned by the defendant, the White River Bridge Corporation, is $463,000; that the plaintiff, the State of Arkansas, is entitled under the law to condemn, take possession of, hold, own and operate the above-described bridge, franchise, right-of-way and other properties on and after November 1, 1930, upon the payment of the sum of one dollar to the defendant, the White River Bridge Corporation, and upon the payment when same shall mature of the balance due on the above-mentioned and described bonds secured by the above-described deed of trust, executed by the defendant, the White River Bridge Corporation, to the defendant, the New York Trust Company, on May 1, 1928.

"It is accordingly by the court considered, ordered and adjudged that the defendant, the White River Bridge Corporation, do have of and recover from the plaintiff, the State of Arkansas, the sum of one dollar damages, which, together with the assumption by the State of the above-mentioned and described bonded indebtedness, shall be in full payment and compensation for the taking of the above-described bridge, franchises, right-of-way and other properties as set forth above and owned by the defendant, the White River Bridge Corporation, and that the said bridge, franchises, right-of-way and other

properties be and the same are hereby condemned for public use and the title thereto divested out of said defendant, the White River Bridge Corporation, and invested in the State of Arkansas, for use and operation by its Highway Commission in such manner and under such terms as the said Highway Commission may determine, and that the State of Arkansas shall, in accordance with the terms of the above-described deed of trust assume and pay to the holders of the outstanding bonds, aggregating $463,000 and interest due November 1, 1930, and thereafter, provided, that the defendant, the White River Bridge Corporation, shall have the right at its own risk and expense to retain the possession of the above-described bridge and other properties until the first day of November, 1930, and during said period to collect the tolls therefrom, and during said period the said defendant shall maintain said bridge and other properties in a good state of repair at its own expense and shall promptly on the first day of November, 1930, deliver to the plaintiff the possession of said bridge and other property in as good state of repairs as same are now in."

The motion to vacate, in effect, alleged: that the interveners are holders and owners of certain bonds issued by the White River Bridge Corporation on May 1, 1928, which said bonds were secured by a first mortgage upon the bridge, lands and other properties owned and possessed by said bridge company, and that the New York Trust Company is the duly designated trustee therein; that the Prairie Circuit Court entertained jurisdiction of and entered a judgment in favor of the State and against the bridge company and all the property, both real and personal, owned by said bridge company and upon which appellants' mortgage lien existed, condemning said properties for public uses, although appellants were not parties to said litigation and had no notice thereof; that said judgment of the Prairie Circuit Court condemning appellants' property for public uses as aforesaid appears to be void upon its face because it does not expressly provide compensation to the owners in advance of the taking thereof, as required by amendments Nos.

5 and 14 to the Constitution of the United States, and by § 22 of article 2 of the Constitution of this State. Other matters were alleged in the motion to vacate, but they are not deemed of sufficient importance as to require being set out in detail.

A demurrer was interposed and sustained to the motion to vacate, and, from a consequent order dismissing same, this appeal comes.

Appellants first contention is that they were not parties to, and had no notice of, the condemnation proceedings in the Prairie Circuit Court, and for this reason they are not bound thereby. Admittedly, appellants were not in person before the court in the condemnation proceedings, but the New York Trust Company, the trustee in appellants' mortgage, was before the court *in personam* and by counsel. This is reflected upon the face of the judgment. Under facts and circumstances identical with those alleged by appellants, this contention was expressly decided by us adversely to appellants' contention in *Watson* v. *Dodge,* 187 Ark. 1055, 63 S. W. (2d) 993. We there said: "Respondents expressly and irrevocably consented to the vesting of the title in the State of Arkansas. And, in lieu of cash, through their representatives, the trustee in the mortgage, irrevocably accepted the solemn pledge of the State to pay the bonds held by respondents as they matured." The respondents referred to in the case just cited were two bondholders and owners of the White River Bridge Corporation bonds, as appellants are, and we there expressly decided that they were parties to the condemnation proceedings, being represented therein by the trustee in the mortgage. See In Re *Engelhard & Sons Co.,* 231 U. S. 646, 34 S. Ct. 258, 58 L. Ed. 416.

Appellants next assert that the condemnation judgment appears to be void upon its face because it does not provide payment to the owners before the taking of the property. This contention was presented and likewise decided adversely to appellants' contention in the case last referred to. In referring to this contention it was there said: "In the condemnation proceedings the owners made no demand for cash paid down, but expressly con-

sented and agreed to accept the solemn pledge of the State to assume and pay the outstanding bonds as they matured. It is not to be doubted that the sovereign State will ultimately discharge the obligation. Conditions not at all peculiar to this State, and of which all persons have knowledge, render the discharge of the obligation impossible in the time and manner contemplated when the property was condemned. But, even so, the State acquired, and now has, title to the property, and the former owners have the obligation of the State to pay, and we must therefore hold, notwithstanding the equity of the case, that these former owners have no right to have a receiver appointed to take possession of property owned by the State.''

The language just referred to and quoted is full authority for the position that the State of Arkansas acquired title to the bridge and all property connected therewith belonging to the White River Bridge Corporation, the New York Trust Company, and appellants, as bond owners, and we perceive no necessity to again consider and discuss the merits of the controversy. If the bond owners in *Watson* v. *Dodge, supra,* could not invoke the incidental relief of receivership as against the State's title to the bridge and properties, then certainly appellants, who stand in the identical position occupied by Mayo, *et al.,* may not recover the property from the State.

Appellants' contention that the condemnation judgment of the Prairie Circuit Court is violative of constitutional mandate is likewise without merit. Had such been its effect, we would have so decided in *Watson* v. *Dodge, supra,* because neither the State nor any one else can predicate rights upon or under a void judgment or order. Moreover, in condemnation proceedings under constitutional law it is essential only that the jurisdiction of some properly constituted tribunal be invoked in some appropriate way, and that inquiry shall be made as to the amount of compensation due; and when these things are done, due process of law, as required by the Federal Constitution, had been afforded. *Baccus* v. *Fourth Street Union Depot,* 169 U. S. 557, 18 S. Ct. 445,

48 L. Ed. 853; *Joslin Mfg. Co.* v. *Providence,* 262 U. S. 668, 43 S. Ct. 684, 67 L. Ed. 1167. Section 22 of article 2 of the Constitution of this State, cited *supra,* is not infringed by the condemnation judgment. In effect, we have so decided many, many times. *Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78; *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 471, 212 S. W. 334.

It follows from what we have said that the Prairie Circuit Court was correct in deciding that appellants' motion to vacate the condemnation judgment of September 18, 1930, was without merit and dismissing it.

No error appearing, the judgment is affirmed.