**In re COHEN et al.**

**No. 9248.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1939.

882

R. N. Grisham, of Eastland, Tex., and E. L. Klett, of Lubbock, Tex., for petitioners.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is a petition by Aaron Cohen and Oda Parish for writs of mandamus and prohibition directed to Honorable Alexander Akerman, U. S. District Judge for the Southern District of Florida, and Honorable T. Whitfield Davidson, U. S. District Judge for the Northern District of Texas. For the sake of brevity, the courts will be hereafter referred to respectively as the Florida and Texas court. From the allegations of the petition and annexed exhibits, which, for the purpose of this proceeding, we will assume correctly state the material facts, the following appears.

Pearl Chatterton was adjudicated bankrupt on her voluntary petition in the Florida court on June 4, 1938. The case was referred to the referee and on further proceedings, on August 3, 1938, Emory Akerman was duly appointed and qualified as trustee of her estate. She surrendered among her assets a tract of land in Yoakum County, Texas, within the territorial jurisdiction of the Texas court, described generally as the "Northeast One-quarter of Section 897, Block D. J. H. Gibson Survey," of which she claimed title and possession by virtue of a recorded warranty deed from M. W. Easum and wife, dated February 4, 1928. The property had been levied upon under process issued out of the 99th District Court of Lubbock County, Texas, to satisfy a judgment obtained against her by Glover Luenberger, and had been advertised by the sheriff for sale. On August 2, 1938, Luenberger filed his proof of claim, based on said judgment, in the bankruptcy proceedings. He surrendered his lien to the trustee and his claim was allowed in the sum of $4,000 with interest and costs.

The trustee posted notices upon the property that it was in the custody of the Florida court and filed a certified copy of notice showing his appointment, the adjudication and copy of his bond, in the office of the clerk in the county court of Yoakum County and it was recorded in the deed records of that county under date of September 3, 1938. On November 2, 1938, the trustee filed his petition to marshal liens, determine the interest of others in the land and to sell it free of liens. The referee considered the petition, determined the rights of parties then before him, and directed the trustee to lease the property for development and drilling. On January 3, 1939 a lease was made with the approval of the court.

More than ten months after the adjudication in bankruptcy, on April 25, 1939, without leave of the Florida court, petitioner Cohen filed suit in the Texas court claiming to be the owner of the minerals under the land. The other petitioner, Oda Parish, was made a party defendant and

answered claiming fee simple title to the land. The trustee had notice of these proceedings and declined to make himself a party but the bankrupt filed a plea to the jurisdiction of the Texas court, which was overruled. Thereafter, on October 24, 1939, after notice to petitioners by mail, on petition of the trustee a temporary injunction was issued by the Florida court against petitioners and other parties, unnecessary to name, enjoining further proceedings in the suit in the Texas court and a rule was served upon them by mail, to appear before the Florida court on December 11, 1939, to show cause why the temporary injunction should not be made permanent. A copy of the temporary injunction was sent to Judge Davidson and he entered an order declining to further proceed with the case.

The petition prays for a writ of mandamus against Judge Davidson to compel him to proceed with the trial of the case. It prays for a writ of prohibition directed to Judge Akerman but we are unable to determine what relief petitioners are asking in this respect.

We are not required on this application to consider the merits of the case or decide whether either court had exclusive jurisdiction. It is elementary that title to all the property of a bankrupt vests in his trustee upon the adjudication and the bankruptcy court has jurisdiction to decide all adverse claims to the property, in the custody of the trustee, regardless of whether it is real estate situated in another district. It is apparent jurisdiction of the Florida court attached first. The order granting the temporary injunction was appealable. Should the injunction be made permanent after a hearing that judgment will also be appealable.

Conceding, without so deciding, that the Texas court had concurrent jurisdiction to adjudicate claims to the property, on the ground of comity, if for no other reasons, it was a matter within the sound discretion of Judge Davidson to say whether he would proceed with the case or await the determination of the Florida court.

We have authority to issue writs of mandamus and prohibition to a district judge, in cases within our appellate jurisdiction, to compel him to perform a ministerial duty. But mandamus and prohibition are not writs of right. It is within our discretion to issue or refuse them. Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309. The rule is well settled that such writs may not be used to take the place of an appeal. Ex parte Roe, 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217. And will not lie to control the action of a district judge which is within his discretion. In re Engelhard & Sons Co., 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416.

The petition is denied.