## BERMAN v. DENVER TRAMWAY CORP. et al.

### No. 4397.

United States Court of Appeals Tenth Circuit.

July 3, 1952.

Abe L. Hoffman, Denver, Colo. (Norman E. Berman and Molly O. Edison, Denver, Colo., on the brief), for appellant.

Montgomery Dorsey, Denver, Colo. (Allan R. Phipps and Thomas Keely, Denver, Colo., on the brief), for appellee Denver Tramway Corp.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is another link in the chain of litigation relating to fares and charges of The Denver Tramway Company and The Denver Tramway Corporation, sometimes hereinafter referred to as the old company and the company, respectively, for the transportation of passengers in Denver, Colorado. In 1920, Westinghouse Electric & Manufacturing Company filed in the United States Court for Colorado a creditor's bill against the old company. The receiver—appointed with power to continue operating the transportation system—filed in the proceeding a petition concerning operating conditions and fares. The City and County of Denver, hereinafter referred to as the city and county, intervened and pleaded among other things in response to the petition that under ordinances enacted in 1885 and 1888 maximum fares of five cents were contractually fixed; and that rates subsequently authorized by provision contained in a franchise at six cents for adults and three cents for children did not change the contractual obligations of the company under the ordinances. The court entered an interlocutory decree restraining the city and county from enforcing maximum fares of six cents for adults and three cents for children, or any less fares, and authorizing the receiver to charge and collect fares not in excess of eight cents for adults, with two tickets or tokens for not more than fifteen cents, and not in excess of four cents for children between the ages of six and twelve years, with four tickets or tokens for not more than fifteen cents. The city and county appealed, and the interlocutory decree was affirmed. City and County of Denver v. Stenger, 10 Cir., 277 F. 865. In 1924, the court entered a final decree in which it expressly determined and adjudicated among other things that the provisions of the ordinances of 1885 and 1888 purporting to limit fares to five cents for single passage were not contractual in effect but were regulatory in the exercise

of the police power of the city and county; and that the provisions in such ordinance limiting fares to five cents, and the provisions in the franchise fixing or attempting to fix fares at a maximum of six cents or less for adults and three cents or less for children under twelve years of age, were confiscatory insofar as they required the receiver, the old company, or the successors and assigns of them, or either of them, to put into effect and maintain charges for transportation less than those which would afford just compensation, such compensation being fixed at not less than 7½ per cent net annual return upon a valuation of $23,514,769 for the used and useful property of the city lines of the company. In mandatory terms, the decree enjoined the city and county from enforcing or attempting to enforce against the receiver, the old company, and the successors and assigns of them, or either of them, any of the provisions of such ordinances or franchise fixing maximum fares of six cents or less for adult passengers, and three cents or less for children under twelve years of age; enjoined the city and county from interfering with the receiver, the old company, or the successors and assigns of them, or either of them, in the collection of such fares as they might fix, provided that the net return therefrom should not exceed an annual return of 7½ per cent on a valuation of $23,514,769, after certain deductions; and enjoined the city and county from bringing or causing to be brought any litigation to enforce the provisions of such ordinances or franchise limiting the maximum fares to six cents or less for adult passengers, and three cents or less for children under twelve years of age, or to compel the receiver, the old company, or their respective successors and assigns, to comply with the provisions of such ordinances or franchise in relation to maximum rates, or to interfere or attempt to interfere with the collection of such fares and charges by the receiver, the old company, or their respective successors and assigns, as were permitted under the terms of the decree. The decree provided that it should not be any limitation whatever upon the legislative power of the city and county properly and legally to regulate fares, provided only that the regulations not be confiscatory in character or violative of due process. And provision was made for any party to the action, or its successors and assigns, to make application to vacate, modify, or extend the injunction because of change in circumstances thereafter occurring, or for additional relief by reason of acts occurring after the date of the decree. The property involved in the proceeding was sold at judicial sale. The company was the ultimate purchaser and its acquisition of the property was approved in the order of the court confirming the sale. The city and county appealed from the final decree. The receiver was discharged. Pursuant to a stipulation filed in the circuit court of appeals, the company as successor in interest to the receiver was substituted as appellee. And with a modification which has no material bearing here, the decree was affirmed. City and County of Denver v. Denver Tramway Corp., 10 Cir., 23 F.2d 287, certiorari denied, 278 U.S. 616, 49 S.Ct. 20, 73 L.Ed. 539.

Approximately twenty-five years after entry of the final decree to which reference has been made, Norman E. Berman instituted in the state court of Colorado a conventional class action against the city and county and the company attacking the validity of an ordinance of the city and county enacted in 1948 in which maximum rates were fixed of ten cents for adults and children over twelve years of age other than school children, five cents for school children under nineteen years of age when going to or returning from school and holding school cards, and five cents for children six years of age or more and less than twelve years of age. Both defendants responded. The court sustained motions to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. On appeal, it was held that in the city and county the granting of franchises, the regulation of rates, and the extension or enlargement of franchise privileges can be effectuated only through a vote of the qualified electors in the manner provided in the charter of such city and county, and that the ordinance in question was void. Berman v. City and County of Denver, 120 Colo. 218, 209 P.2d 754. After

remand, Berman filed in the action a petition in which it was alleged among other things that the ordinances of 1885 and 1888 constituted contracts by which the company was at all times bound to charge rates not in excess of five cents; that the ordinance enacted in 1948 was void insofar as it authorized rates in excess of that amount; and that fares of ten cents were being illegally collected. An accounting and restitution of the excess charges was sought.

The company filed in the action in the United States Court a pleading in the nature of a supplemental bill or complaint in which it was alleged in substance that the institution and maintenance of the action in the state court constituted an effort on the part of Berman to relitigate matters previously determined and adjudicated in the action in the United States Court. Berman became a party to the proceeding; a preliminary injunction was issued; the city and county alone appealed; and the order was affirmed. City and County of Denver v. Denver Tramway Corp., 10 Cir., 187 F.2d 410. Thereafter, Berman filed an answer to the supplemental complaint which tendered primarily legal defenses; and he also filed a motion to dismiss the proceeding as against him for lack of jurisdiction of the court of the subject matter, or in the alternative that judgment on the pleadings be entered in his favor. The court denied the motion to dismiss and entered judgment granting a permanent injunction against Berman. The cause is here on appeal from that action.

The injunction against Berman is challenged on the ground that where property in a federal equity receivership has been delivered to a purchaser at judicial sale whose title thereto is unquestioned, and the receiver has been discharged, the court is without further jurisdiction for ancillary proceedings. The argument is that the original action was instituted on a creditor's bill; that after the receiver took charge a rate case was launched solely and exclusively as an ancillary proceeding having for its objectives the keeping of the property intact and in operation pending the marshaling of assets, the preservation of the transportation system which constituted the receivership estate, and the sale of the property through judicial process; that all of such objectives were accomplished; and that thereafter, the court did not have jurisdiction or warrant to entertain further proceedings relating to fares for the transportation of passengers. The primary purpose of the provisions in the final decree of 1924 in respect to fares for the transportation of passengers was to protect the property then in the hands of the receiver, but the restraining provisions relating to fares expressly ran in favor of the old company and its successors and assigns, as well as the receiver and his successors. After the receiver had been discharged and while the case was pending on appeal from the final decree, the company, as successor in interest to the receiver, was substituted as a party in the place and stead of the receiver. And thereafter, although the property was no longer in the hands of the receiver, the decree was affirmed without change or modification in respect to the provisions relating to the ordinances of 1885 and 1888, as well as the fares which could be charged, running in favor of the company and its successors and assigns. As between the city and county on one hand, and the receiver and the old company, as well as their respective successors and assigns, on the other hand, the court in such final decree determined and adjudicated categorically that the ordinances of 1885 and 1888 were not contractual in substance and effect; that they were regulatory; and that they did not constitute a bar to the charging and collecting of rates in excess of those fixed in such ordinances, if fixed and promulgated in the manner authorized by law. Berman sought to relitigate those questions in the action in the state court. He affirmatively asserted in that action, among other things, that the ordinances were contractual in effect; that the charging and collecting of fares at higher levels than the amount fixed in the ordinances was illegal; and that restitution of the excess be exacted of the company. And in harmony with that position taken in the state court, Berman stated in the course of the hearing in this case on the motion to dismiss the supplemental complaint, or in the alternative to enter judgment in his favor on the pleadings, that he did not question the reasonableness of the charges being

made for the transportation of passengers; that his contention was that the company did not have any right to charge and collect fares in excess of those fixed in the ordinances of 1885 and 1888; and that he as a fare-paying patron of the company, and the public, were not bound by the final decree of 1924. A federal court is clothed with power to secure and preserve to parties the fruits and advantages of its judgment or decree. In the appropriate exercise of that power, the court has jurisdiction through means of a supplemental proceeding to enjoin the relitigation in a state court of a matter litigated, determined, and adjudicated by its valid decree regularly entered, if the result of the relitigation would be to destroy the effect of the decree rendered in the United States Court. And jurisdiction of the court to entertain such a supplemental proceeding is not lost by the intervention of time or the discharge of the res from the custody of the court. A supplemental proceeding of that kind may be entertained where the relitigation in the state court would result in nullifying the judgment or decree of the United States Court, or would render doubtful the rights of the parties in respect to the effectiveness of such judgment or decree. Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629; Riverdale Cotton Mills v. Alabama & Georgia Manufacturing Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008; Gunter v. Atlantic Coast Line Railroad Co., 200 U.S. 273, 26 S.Ct. 252, 50 L.Ed. 477; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230; Bethke v. Grayburg Oil Co., 5 Cir., 89 F.2d 536, certiorari denied, 302 U.S. 730, 58 S.Ct. 54, 82 L.Ed. 564; City and County of Denver v. Denver Tramway Corp., 10 Cir., 187 F.2d 410. And for the purpose of protecting the effectiveness of its judgment or decree, a United States Court may entertain an independent action rather than a supplemental proceeding in the original action to enjoin the relitigation in a state court of matters already fully adjudicated in the United States Court. Jackson v. Carter Oil Co., 10 Cir., 179 F.2d 524, certiorari denied, 340 U.S. 812, 71 S.Ct. 39, 95 L.Ed. 597. Viewed in the light of these cases, it is clear that for the purpose of effectuating and protecting the final decree

rendered in 1924, the court had jurisdiction to entertain the supplemental proceeding to enjoin Berman from relitigating in the state court issues and controversies previously litigated and adjudicated in such final decree.

█ The permanent injunction against Berman is assailed on the further ground that although denominated a supplemental complaint, the pleading filed by the company was not a supplemental complaint; that it was an original complaint; that this was not a relitigation case; and that the enjoining of the proceeding in the state court was unwarranted. It is argued that at the time of the filing of the so-called supplemental complaint, there were different parties, different properties, different ordinances, and different issues; that old rights had been lost, new rights had accrued, and judicial decisions of the state courts had intervened which could not have been in the mind of the court when the final decree was entered in 1924; and that all of such circumstances in the aggregate made it necessary for the court "to work the old decree over into something new and original in order to make it suitable for the completely new situation." A preventive injunction should be cast in terms reasonably adjusted to present conditions; it should be read in the context of its circumstances; while it is continuing it should be subject to adaptation as events change; and it is not beyond modification in the interest of changed conditions or complete vacation when conditions terminate all need for it. City and County of Denver v. Denver Tramway Corp., 10 Cir., 187 F.2d 410. But the argument presently made the basis of attack upon the final decree is completely unmindful of the statement made by Berman in the course of the hearing on the motion to dismiss the supplemental proceeding as to him or to enter judgment in his favor on the pleadings, such statement being that the only contentions which he advanced were that the company was not authorized to charge any fares in excess of those prescribed and fixed in the ordinances of 1885 and 1888, and that he as a fare-paying patron of the company, and the public, were not bound by the final decree of 1924. Hav-

ing expressly limited himself in that manner to the two contentions advanced and having thereby waived all other grounds of attack upon the decree, Berman will not be permitted on appeal to challenge such decree on entirely different and distinct nonjurisdictional grounds of wide sweep. Cf. Jones v. Tower Production Co., 10 Cir., 120 F.2d 779; Adkins v. E. I. du Pont de Nemours & Co., 10 Cir., 176 F.2d 661, certiorari denied, 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550.

The remaining attack upon the permanent injunction restraining the relitigation in the state court is that Berman and other members of the public were not parties to the old creditor's bill or to the ancillary rate proceeding resulting in the temporary injunction of 1920 and the final decree of 1924; that they were not enjoined by the final decree; and that therefore they were not and are not bound by it. Insofar as the final decree related to fares and charges for the transportation of passengers, it did not concern itself with impounded funds to be then or thereafter distributed, or other like res, in which fare-paying patrons of the company or the public had an interest; and no fraud or other wrongdoing on the part of the city and county preceding or attending the entry of the decree is suggested or intimated. It is apparent that the city and county in the discharge of its duty to the public pressed diligently and exhaustively but without avail the contention that the company could not charge fares in excess of those fixed in the ordinances of 1885 and 1888. The city council of the city and county did not have power to fix fares and charges to be exacted and collected by the company. Berman v. City and County of Denver, supra. But when fares and charges were fixed in the manner prescribed by the law of the state, is was and is the duty and function of the city and county to enforce them. And unless the law of the state provides otherwise, where a municipality is vested with power to establish or enforce fares of that kind, a valid judgment or decree of a court of competent jurisdiction in an action by or against the municipality determining the validity and amount of such fares is binding upon the public. In re Engelhard, 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416; Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 46 S.Ct. 408, 70 L.Ed. 747; O'Connell v. Pacific Gas & Electric Co., 9 Cir., 19 F.2d 460; San Antonio Utilities League v. Southwestern Bell Telephone Co., 5 Cir., 86 F.2d 584, certiorari denied, 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340.

The judgment is affirmed.