**DULIEN STEEL PRODUCTS, Inc. OF CALIFORNIA, a corporation; Dulien Steel Products, Inc. of Washington, a corporation, Petitioners,**

v.

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION, and The Honorable Peirson M. Hall, Judge of said Court, Respondents.**

No. 14362.

United States Court of Appeals Ninth Circuit.

Sept. 7, 1954.

Pacht, Tannenbaum & Ross, Stuart L. Kadison, Clore Warner, David Tannenbaum, Los Angeles, Cal., for petitioners.

Thomas S. Bunn, Los Angeles, Cal., for respondents.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and HARRISON, District Judge.

DENMAN, Chief Judge.

Petitioners seek our mandamus to compel the United States District Court for the Southern District of California, Central Division, and the Honorable Peirson M. Hall, as Judge of such court, to comply with the mandate of this court reading:

> "It Is Further Ordered and adjudged that the appellants recover against the appellee Londono for their costs herein expended and have execution therefor."

J. B. Londono brought an action against petitioners for breach of warranty with regard to steel wire purchased by Londono from petitioners and against the Citizens National Trust & Savings Bank of Los Angeles, hereafter the Bank, for wrongful payment under a letter of credit. Judgments for Londono were reversed in this court and the case remanded for further proceedings. Citizens National Trust & Sav. Bank of Los Angeles v. Londono, 9 Cir., 204 F.2d 377, certiorari denied 346 U.S. 866, 74 S.Ct. 105. Londono then moved this court to defer the taxing of costs on the appeal until the final determination of the remanded cases. The motion was denied. The costs were taxed at $14,149.64 and the above mandate issued and filed in the district court.

On November 16, 1953, petitioners moved in respondent court for an order to spread the mandate on the minutes of that court and for judgment in accordance with said mandate. This motion was taken under submission by respondent judge. After four and a half months' delay, on April 6, 1954, the respondent court filed an order which, inter alia, denied a motion of petitioners to stay pro-

**578**

ceedings until Londono had satisfied the judgment for costs and granted Londono's motion to stay levy of execution until further order of the court. On May 3, 1954, the court entered an order which, inter alia, had the same effect.

Petitioners contend that respondent court's action has rendered nugatory the mandate of the court; that this court having ordered that petitioners have execution for the costs, the respondent court was without power to stay the execution. Londono contends that the respondent court in ordering a stay of execution was merely exercising its inherent power, in aid of its general jurisdiction over the proceedings. The contention seems to be that the district court had such power because it may be possible that later in the proceeding Londono *might* be successful and *might* make a recovery of damages or costs against which the ordered costs, in all or in part, *might* be an offset.

■ We do not agree with Londono's contention that the possibility that the costs may be used as an offset gives any such discretion to the district judge, where this court has denied such a motion to stay their taxation and has issued such a mandate. Bankers Securities Corporation v. Ritz Carlton Restaurant & Hotel Co., 3 Cir., 99 F.2d 51.

■ Petitioners also seek an order to compel the district judge to stay further proceedings until these costs have been paid. Whether to grant such relief is within the discretion of the trial court. Cloquet Lumber Co. v. Burns, 8 Cir., 222 F. 857. Mandamus does not lie to control the action of a trial judge which is within his discretion. In re Cohen, 5 Cir., 107 F.2d 881, 883.

The petition to stay further proceedings until the costs are paid is denied. If within ten days herefrom there be filed with the clerk a certified copy of the district court's order setting aside its order granting Londono's motion to stay the levy of execution of costs and further ordering such execution, the petition will be denied. Otherwise, the petition for a writ of mandamus to compel the respondents to set aside the order staying the execution for costs and to order such execution is granted.